UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| ADAM EVANS, | : | CASE NO. 1:19 CV 2870 |
| Plaintiff, | : | |
| vs. | : | OPINON & ORDER |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background**

*Pro se* plaintiff Adam Evans has filed an *in forma pauperis* prisoner civil rights complaint against Ohio Governor Michael DeWine; Ohio Department of Rehabilitation and Correction ("ODRC") Director Annette Chambers-Smith and Medical Director Andrew Eddy; and Lorain Correctional Institution ("LCI") Warden Kimberly Clipper and Corrections Officers "Corbett" and "Smith." (Doc. No. 1.) At the time he filed his complaint, he was incarcerated in the Richland Correctional Institution ("RCI") "for a felony 5 drug offense and for escape . . . for failure to comply with parole conditions." (*Id*. at 8, ¶ 3.) He has since filed a notice of change of address, indicating he is no longer incarcerated in an Ohio prison.

His 58-page complaint contains six counts and seeks damages, declaratory, and injunctive relief pursuant to 42 U.S.C. § 1983.

In Count I, the plaintiff alleges that defendants Corbett and Smith, intentionally and for the premeditated purpose of causing harm, punched dozens of staples into bars of soap to be used by inmates. He alleges that while he was incarcerated at LCI in April 2019, he was "severely sliced up" over his entire body after he used such a bar of soap imbedded with staples that was handed

to him by the guards. (*Id*. at 10, ¶ 13.) He further alleges the guards attempted to cover up their conduct by falsely claiming he had injured himself, but "prison video recordings proved that claim as lies." (*Id*. at ¶ 14.) Additionally, he alleges he was refused treatment for hepatitis C, which was discovered after he became ill following the guards' assault on him. (*Id*. at 11, ¶¶ 15-16.)

In Counts II through VI, he alleges rampant violence, poor conditions, crime, and mistreatment throughout Ohio's jails. In Count II, he alleges that numerous "inhumane abusive conditions" exist in prisons "state wide," including "deaths, murders," physical abuse and assault by guards, denial of medical treatment, inmate-on-inmate violence, and First Amendment censorship and denial of mail. (*Id*. at 13, ¶¶ 24-88.) In Count III, he alleges "state wide corruption" and "organized crime cliques" in the prisons, including theft, misuse of state funds, drug trafficking, and abuse in an inmate dog kennel program. (*Id*. at 36, ¶¶ 89-108.) In Count IV, he alleges unsafe and unsanitary housing conditions, especially in RCI and the Cuyahoga County Jail. (*Id*. at 43, ¶¶ 109-120.) In Count V, he alleges "a strict No-snitching policy state wide in all Ohio prisons" including retaliation against prisoners who file grievances. (*Id*. at 46, ¶¶ 121-135.) Finally, in Count VI, the plaintiff alleges that the "defendants, the Governor, the DRC Director, Prison Wardens, . . . grievances inspectors, state and county officials, jail wardens and guards" have all "criminally falsif[ied] various inspections and results conducted on Ohio DRC prisons . . . . in order to hide their numerous murderous acts and criminal living conditions imposed." (*Id*. at 52, ¶ 137.)

**Standard of Review**

Because the plaintiff is proceeding *in forma pauperis* and is seeking redress from governmental officers and employees, the Court must screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and dismiss before service any portion of it that the Court finds frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010). The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Nonetheless, the Court is not required to conjure allegations on his behalf or construct claims for him. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2014). In order to withstand a dismissal for failure to state a claim, the plaintiff's complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief against each defendant that is plausible on its face. *See Hill*, 630 F.3d at 471 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## Discussion

Upon review, the Court will allow the plaintiff's action to go forward as against defendants Corbett and Smith. The allegations the plaintiff sets forth in his complaint are sufficient to suggest he has plausible constitutional claims against them. The Court, however, finds that the plaintiff's claims against these defendants may go forward only to the extent he seeks monetary relief. To the extent he seeks declaratory and injunctive relief, his claims are now moot because he is no longer incarcerated at LCI where the alleged wrongful conduct occurred. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for declaratory and injunctive relief based on prison officials' examination of prisoner's legal mail outside of prisoner's presence were moot, where prisoner was no longer confined to institution that searched mail).

Further, the Court finds that the plaintiff's complaint must be dismissed in its entirety as against all of the remaining defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Case No. 1:19 CV 2870
Gwin, J.

"Claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). Thus, to state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Although the plaintiff refers to defendants DeWine, Chambers-Smith, Eddy, and Clipper in various places in his complaint (*see* Doc. No. 1 at ¶¶ 20-22; 24; 31, 33; 45; 124; 137), his allegations with respect to all of these defendants are so vague, unclear, general, and conclusory that they fail to meet basic pleading requirements or suggest plausible claims. *See Iqbal*, 556 U.S. at 678.

Further, to the extent the plaintiff contends these defendants are liable to him on the basis of their overall supervisory responsibilities in Ohio prisons, or because they denied or failed to act on his grievances or complaints to otherwise intervene on his behalf, his complaint is insufficient to suggest plausible claims. A supervisory official cannot be liable under § 1983 solely on these bases. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Supreme Court has clearly indicated that neither the doctrine of *respondeat superior* nor vicarious liability can form the basis of liability for a § 1983 claim. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Because the plaintiff's complaint does not set forth facts sufficient to give rise to a plausible inference that defendants DeWine, Chambers-Smith, Clipper, or Eddy actually participated in, authorized, or ratified any prison decision or action concerning the plaintiff that violated his rights, the Court will dismiss the plaintiff's action as against them.

Case No. 1:19 CV 2870
Gwin, J.

## Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) in this matter is granted, and his action for damages may proceed as against defendants Smith and Corbett. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on these defendants, and **a copy of this order shall be included with the documents to be served**.

This action is otherwise dismissed in its entirety, and as against defendants Chambers-Smith, DeWine, Eddy, and Clipper, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

IT IS SO ORDERED.


Dated: April 8, 2020                     *s/  James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE