# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Adam Evans,** | : | |
| | : | **Case No. 1:19-cv-2870** |
| Plaintiff, | : | |
| | : | **Judge Gwin** |
| v. | : | |
| | : | **Magistrate Judge Parker** |
| **Annette Chambers-Smith, et al.,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER

Defendant Corrections Officers Corbett and Smith ("Defendants"), by and through counsel, hereby responds to Plaintiff Adam Evans' ("Plaintiff") Complaint ("Complaint") by answering and averring as follows:

## FIRST DEFENSE

1.  Defendants deny the allegations in Paragraph I for want of information sufficient to form a belief as to the truth of the matter asserted therein.

2.  Defendants deny the allegations in Paragraph II.

3.  Defendants admit that the Plaintiff in this case is Adam Evans and that the remaining Defendants in this case are Corrections Officers Corbett and Smith, but deny the remaining allegations in Paragraph III.

4.  To the extent the allegations in Paragraph IV consist of legal conclusions they require no answer. All remaining allegations set forth in this Paragraph are denied.

5.  To the extent the allegations in Paragraph V consist of legal conclusions they require no answer. All remaining allegations set forth in this Paragraph are denied.

6.  Defendants admit the allegations in Paragraph 1.

7. Defendants admit that the claims occurred in Lorain County, Ohio and that venue is proper before this Court, but deny the remaining claims in Paragraph 2.

8. Defendants deny that Plaintiff is presently incarcerated. Further answering, Defendants deny the remaining allegations in Paragraph 3 for want of information sufficient to form a belief as to the truth of the matter asserted therein.

9. Since Director Chambers-Smith is no longer a defendant in this case, Defendants deny the allegations in Paragraph 4.

10. Since Governor DeWine is no longer a defendant in this case, Defendants deny the allegations in Paragraph 5.

11. Since Dr. Eddy is no longer a defendant in this case, Defendants deny the allegations in Paragraph 6.

12. Since Warden Clipper is no longer a defendant in this case, Defendants deny the allegations in Paragraph 7.

13. Defendants admit that there are persons by the name of Smith who are employed by the Lorain Correctional Institution, but deny the remaining allegations in Paragraph 8 for want of information sufficient to form a belief as to the truth of the matter asserted therein.

14. Defendants admit that there are persons by the name of Corbett who are employed by the Lorain Correctional Institution, but deny the remaining allegations in Paragraph 9 for want of information sufficient to form a belief as to the truth of the matter asserted therein.

15. Defendants deny the allegations in Paragraph 10.

16. Defendants admit the allegations in Paragraph 11.

17. Defendants admit that Plaintiff was given medical tests upon reception, but deny the remaining allegations in Paragraph 12.

18. Defendants deny the allegations in Paragraph 13.

19. Defendants deny the allegations in Paragraph 14.

20. Defendants admit that Plaintiff tested positive for Hepatitis C upon reception, but deny the remaining allegations in Paragraph 15.

21. Defendants deny the allegations in Paragraph 16.

22. Defendants deny the allegations in Paragraph 17.

23. Defendants admit that Sgt. Nottingham found a single bar of soap imbedded with six staples in a drawer of the guard station desk, but deny the remaining allegations in Paragraph 18 for want of information sufficient to form a belief as to the truth of the matter asserted therein.

24. Defendants admit that no prison official was disciplined as a result of Plaintiff's claims regarding stapled soap, but deny the remaining allegations in Paragraph 19.

25. To the extent the allegations in Paragraph 20 consist of legal conclusions they require no answer. Further answering, Defendants deny the remaining allegations in this Paragraph for want of information sufficient to form a belief as to the truth of the matter asserted therein.

26. To the extent the allegations in Paragraph 21 consist of legal conclusions they require no answer. Further answering, Defendants deny the remaining allegations in this Paragraph for want of information sufficient to form a belief as to the truth of the matter asserted therein.

27. To the extent the allegations in Paragraph 22 consist of legal conclusions they require no answer. Further answering, Defendants admit that they were not disciplined as a result of Plaintiff's claims regarding stapled soap.

28. Defendants deny the allegations in Paragraph 23 for want of information sufficient to form a belief as to the truth of the matter asserted therein.

29. To the extent the allegations in Paragraphs 24-142 pertain to claims that have already been dismissed they require no answer. All remaining allegations set forth in these Paragraphs are denied.

30. Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

## SECOND DEFENSE

31. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

32. Plaintiff's Complaint fails to state the deprivation of a constitutional right.

## FOURTH DEFENSE

33. Plaintiff's injuries, if any, are solely the result of his own behavior and/or misbehavior and not the result of any action taken by the Defendants.

## FIFTH DEFENSE

34. Defendants are entitled to immunity, including but not limited to qualified immunity, having acted in good faith compliance with the law at all times relevant to this Complaint.

## SIXTH DEFENSE

35. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches and estoppel.

## SEVENTH DEFENSE

36. Plaintiff's claims are barred in whole or in part to the extent that he failed to exhaust his administrative remedies.

## EIGHTH DEFENSE

37. This Court lacks jurisdiction to consider any state law claims alleged within Plaintiff's Complaint.

## NINTH DEFENSE

38. To the extent Plaintiff's allegations are based on respondeat superior and/or supervisory liability they are barred as a matter of law.

## TENTH DEFENSE

39. Plaintiff's claims are barred in whole or in part by the doctrine of mootness.

## ELEVENTH DEFENSE

40. The Prison Litigation Reform Act of 1995 acts to limit Plaintiff's requested relief.

## TWELTH DEFENSE

41. Plaintiff's claims are barred in whole or in part by the Eleventh Amendment.

## THIRTEENTH  DEFENSE

42. Plaintiff's claims are barred in whole or in part by §1983.

## FOURTEENTH  DEFENSE

43. Defendant reserves the right to assert additional affirmative defenses as they become apparent.

**JURY DEMAND**

Defendants demand a trial by jury as to all claims for which a jury trial is available.

                                                  s/ Mindy Worly
                                                  MINDY WORLY (0037395)
                                                  Principal Assistant Attorney General

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint with prejudice as frivolous; certify pursuant to 42 U.S.C. § 1915(a)(3) that an appeal from this decision cannot be taken in good faith; assess costs to Plaintiff; and award any other relief deemed necessary and just by this Court.

                                                  Respectfully submitted,

                                                  DAVE YOST
                                                  Ohio Attorney General

                                                  s/ Mindy Worly
                                                  MINDY WORLY (0037395)
                                                  Principal Assistant Attorney General
                                                  Criminal Justice Section, Corrections Unit
                                                  150 East Gay Street, 16th Floor
                                                  Columbus, Ohio 43215
                                                  Phone: (614) 728-0161; Fax: (866) 474-4985
                                                  Mindy.Worly@OhioAttorneyGeneral.gov

                                                  *Trial Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Answer* has been electronically filed on May 20, 2020 and has been served upon Plaintiff via U.S. mail, postage prepaid at the below address.

Adam Evans
1432 E. Tuscarawas Street
Canton, OH 44707
*Plaintiff, pro se*

                                                        s/ Mindy Worly
                                                        Mindy Worly (0037395)
                                                        Principal Assistant Attorney General