UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

ADAM EVANS,

    Plaintiff,

vs.

ANETTE CHAMBERS-SMITH, *et al.*,

    Defendants.

CASE NO. 1:19-cv-02870

ORDER
[Resolving Doc. 13]

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Adam Evans, formerly incarcerated at Lorain Correctional Institution, sues Defendants Smith and Corbett, Lorain corrections officers.[1] Defendants move for judgment on the pleadings.[2] Plaintiff has not filed an opposition.

For the following reasons, the Court **GRANTS** in part and **DENIES** in part Defendants' motion.

### I. Background

On December 11, 2019, Plaintiff filed this action *pro se* while he was still incarcerated in Lorain Correctional Institution, an Ohio prison.[3] The Court screened the complaint under 28 U.S.C. § 1915 and dismissed all of Plaintiff Evans's claims except those against Defendants Corbett and Smith.[4] However, the Court only allowed the claims against Corbett and Smith to proceed to the extent that Plaintiff seeks money damages.[5]

---

[1] Doc. 8.
[2] Doc. 13.
[3] Doc. 1.
[4] Doc. 8.
[5] *Id.*

Case No. 1:19-cv-2870
Gwin, J.

Plaintiff Evans claims that Defendants Corbett and Smith tampered with bars of soap by punching staples into them.⁶ On April 22, 2019, Plaintiff Evans received one of the tampered soap bars.⁷ The soap dissolved as he showered and the staples caused dozens of slice wounds on Evans's body.⁸ Evans says he contracted hepatitis-C because of his injuries.⁹

Plaintiff Evans says that Prison Sergeant Nottingham searched the guard station desk drawers the day after the soap incident occurred and found more stapled soap.¹⁰

Plaintiff says that Corbett and Smith's actions violated his Eighth Amendment rights.¹¹ He states that he filed and exhausted administrative grievances against Corbett and Smith.¹² He says that his grievances were denied and the Chief Inspector issued a final ruling on the issue.¹³

## II. Discussion

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."¹⁴ The Court may consider the complaint and any exhibits attached thereto.¹⁵

---

⁶ Doc. 1 at 6.
⁷ *Id.*
⁸ *Id.*
⁹ *Id.* at 7.
¹⁰ *Id.*
¹¹ *Id.* at 54.
¹² *Id.* at 57.
¹³ *Id.*
¹⁴ *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).
¹⁵ *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335-36 (6th Cir. 2007) (noting that documents attached to the pleadings become part of the pleadings and may be considered on a motion for summary judgment, which uses the motion to dismiss standard). Notably, Plaintiff has also filed several document, titled

Case No. 1:19-cv-2870
Gwin, J.

A motion under Rule 12(c) is analyzed under the same standard as motions to dismiss.[16] While the complaint does not need detailed factual allegations, it must have more than formulaic recitations of a cause of action.[17] A complaint survives "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

As stated above, Plaintiff's remaining claims are limited to Eighth Amendment legal claims against Defendants Corbett and Smith.[19] Plaintiff sues Defendants in both their individual and official capacities.[20]

Defendants correctly argue that Plaintiff's claim cannot proceed against Defendants in their official capacities, because state employees sued in their official capacities cannot be held liable for money damages.[21] The Court therefore **GRANTS** Defendants' motion for judgment on the pleadings as to the claims against Defendants in their official capacities.

The only remaining claims are the Eighth Amendment claims against Defendants in their individual capacities. Defendants raise distinct arguments as to Defendant Corbett and Defendant Smith, which the Court will address in turn.

### A. Defendant Smith

Defendants argue that Plaintiff's complaint "contains no facts whatsoever which

---

"admission of relevant evidence" that submit many of the same documents already attached to the complaint. Docs. 4, 5, and 6. The Court relies only on the documents attached to the complaint in deciding this motion and declines to convert Defendants' motion for judgment on the pleadings to one for summary judgment by considering the later-filed materials. *Commercial Money*, 508 F.3d at 335-36.

[16] *Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012).
[17] *Id.*
[18] *Id.* at 623.
[19] Doc. 8.
[20] Doc. 1 at 6-7.
[21] *Moore v. City of Harriman*, 272 F.3d 769, 771-72 (6th Cir. 2001) (citing *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989)).

-3-

Case No. 1:19-cv-2870
Gwin, J.

would suggest that Defendant Smith did anything to deprive Plaintiff of his constitutional rights."[22] They argue that Plaintiff's claims against Smith must be dismissed because Plaintiff fails to state how Smith's actions violated Plaintiff's rights.[23] Defendants say that Plaintiff Evans does not allege that he or anyone else saw Defendant Smith put staples in the soap and that Evans even says that unnamed guards actually gave him the tampered soap, which fails the requirement that "Plaintiff must plead that each named defendant was personally responsible for the unconstitutional actions which allegedly injured him."[24]

But Plaintiff does allege that Defendant Smith acted to violate his rights. Plaintiff Evans's complaint says that both Defendants Corbett and Smith "punched in dozens of staples into dozens of bars of bathing soap" later distributed to inmates.[25] He says that they did this to intentionally cause harm.[26]

Evans also attaches various documents to the complaint. Evans's grievance form and affidavit repeat the allegation that Corbett and Smith put staples in the soap.[27] They also say that when unnamed guards handed Plaintiff the soap he was unaware of the staples.[28] But Evans's ignorance of the staples when he received the soap does not defeat his claims, as Defendants' suggest.[29]

In the grievance form and affidavit, Plaintiff also says that after the shower incident

---

[22] Doc. 13 at 6.
[23] *Id.* at 5-6.
[24] *Id.* at 4-6.
[25] Doc. 1 at 10.
[26] *Id.*
[27] Doc. 1-4 at 1.
[28] *Id.*
[29] Doc. 13 at 4. Defendants appear to argue that Plaintiff's affidavit, in which Plaintiff says he "was not aware the guards had [put staples in the soap]," Doc. 1-4 at 1, amounts to a lack of allegations as to Smith. But Plaintiff's ignorance of the staples prior to using the soap is not dispositive of his claims, nor does it contradict Plaintiff's allegation as to Smith.

-4-

Case No. 1:19-cv-2870
Gwin, J.

Sergeant Nottingham found another bar of soap with staples in it in the guards' desk.[30] Sergeant Nottingham's discovery of the soap is corroborated by attached affidavits from other inmates.[31]

An affidavit from another inmates says that the inmate saw Defendants Corbett and Smith laughing and saying that an inmate was going to get a "big surprise."[32] The inmate says that he saw Defendant Corbett stapling the soap as Defendant Smith stood by and laughed.[33] Defendant Corbett then put the soap in the drawer.[34]

Defendants say that Smith's liability cannot be based on a mere failure to act.[35] However, Plaintiff alleges that both Defendants placed the staples and Defendants are not entitled to judgment on the pleadings merely because the affiant only saw Defendant Corbett actually place the staples.[36] That the affiant did not also see Defendant Smith do so as well does not foreclose the possibility that he did so, as alleged in the complaint.[37]

Defendants' motion for judgment on the pleadings as to Defendant Smith is **DENIED**.

### B. Defendant Corbett

Defendants also argue that Defendant Corbett is entitled to judgment on the pleadings. Defendants say that Plaintiff Evans's allegations fails to satisfy the Eighth Amendment's objective and subjective components. Under these components, Plaintiff

---

[30] Doc. 1-4 at 1.
[31] *Id.* at 6-7.
[32] *Id.* at 5.
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] Doc. 1 at 10.
[37] Doc. 1-4 at 6-7.

-5-

Case No. 1:19-cv-2870
Gwin, J.

must show: (1) objectively the conditions were "sufficiently serious" and Defendant's act or omission resulted in "the denial of the minimal civilized measure of life's necessities"; and (2) subjectively the Defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety."[38] The subjective component requires "a state of mind more blameworthy than negligence," but "less than acts of omissions for the very purpose of causing harm or with knowledge that harm will result."[39]

Defendants' argument hinges largely on Plaintiff's failure to allege that Defendant Corbett was present when the unnamed guards gave Plaintiff Evans the stapled soap. Defendants say that Plaintiff has not met the Eighth Amendment requirements because:

> "there is no suggestion anywhere in the Complaint or in any of its sworn attachments that Defendant Corbett knew that Plaintiff would ask a first shift Corrections Officer for some free soap, that Plaintiff would be handed a bar of soap allegedly imbedded with staples . . . or that Plaintiff would allegedly use the same."[40]

Because of this, Defendants say that Plaintiff's claims are "too vague and too remote."[41]

But none of the cases Defendants cite stand for the proposition that, as Plaintiff alleges here, a prison official can purposefully tamper with an object for the purpose of causing harm to inmates, but escape liability because he did not personally hand the altered object to the inmate.

Defendant's argue that the conditions Plaintiff complains of were not "sufficiently serious."[42] They say: "Defendant Corbett [did not] play any part in Plaintiff's decision to

---

[38] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted).
[39] *Id.* at 835.
[40] Doc. 13 at 8.
[41] *Id.*
[42] *Id.* at 7.

-6-

Case No. 1:19-cv-2870
Gwin, J.

use a bar of soap allegedly imbedded with staples to shower rather than putting off his shower for a different time or another day."[43] "Missing one shower does not rise to the level of a constitutional violation."[44]

But Defendants ignore Plaintiff's allegation, which the Court must accept as true, that he did not know that the staples were in the soap until it was too late.[45] And Plaintiff' is not complaining of a missed shower. Instead, he says that he sustained cuts all over his body when he unknowingly rubbed stapled soap all over himself.[46] He also says that he contracted Hepatitis C from these injuries.[47] The Court finds that Plaintiff's alleged bodily injury from the soap is sufficiently serious enough to satisfy the objective standard.[48]

Plaintiff's allegations also meet the subjective standard of the test. Plaintiff alleges that Defendant Corbett intentionally placed the staples to harm inmates, a state of mind that rises above negligence and above deliberate indifference as well.[49] The aforementioned affidavit from another inmate stating that the inmate overheard Defendant Corbett discussing the plan to harm inmates with the staples corroborates this allegation.[50]

Defendant's motion for judgment on the pleadings as to the claim against Defendant

---

[43] Doc. 13 at 7-8.
[44] *Id.* at 8 n. 2.
[45] Doc. 1-4 at 1.
[46] Doc. 1 at 6-7.
[47] *Id.*
[48] *See Brown v. Bargery*, 207 F.3d 863, 867-68 (6th Cir. 2000) (finding allegations that bunks were improperly installed causing inmates to slip on the floor or roll into improperly protruding anchor bolts sufficiently serious and noting that the Supreme Court has found sharing a cell with a smoker to also be sufficiently serious); *Cordell v. McKinney*, 759 F.3d 573, 580-81 (6th Cir. 2014) (explaining that the objective component must be "responsive to contemporary standards of decency" and that the malicious and sadistic use of force to cause harm always violates contemporary standards of decency) (internal quotations omitted).
[49] Defendants' do not allege that Plaintiff must meet the higher subjective standard applied in cases alleging excessive physical force which requires a showing of force applied "maliciously and sadistically for the very purpose of causing harm." *Farmer*, 511 U.S. at 835-36. Nonetheless, the Court finds that Plaintiff's Evans's allegations satisfy the higher subjective standard because he alleges that Defendant Corbett placed the staples intentionally to hurt inmates.
[50] Doc. 1-4 at 5.

Case No. 1:19-cv-2870
Gwin, J.

Corbett individually is therefore **DENIED**.

### III. Conclusion

The Court **GRANTS** Defendants' motion for judgment on the pleadings as to the remaining Defendants in their official capacities, but **DENIES** the motion as to Defendants in their individual capacities.

IT IS SO ORDERED.

Dated: August 5, 2020              *s/       James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

-8-