# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

**FILED**

4:00 pm Jan 28 2021
**Clerk U.S. District Court**
**Northern District of Ohio Cleveland**

Adam Evans
plaintiff

Case# 1:19-cv-2870

Judge J.Philip  Calabrese

V

Magistrate: Parker

.Annette Chambers-Smith et,al.

defendants

## PLAINTIIFS RESPONSE IN OPPOSITION TO: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PLAINTIFF MOTION FOR RULE 56(D)

----------------------------------------------------------------------------------------------------------
:

Comes Now Plaintiff Adam Evans appearing Pro se respectfully moves this court to

deny defendants motion for summary judgement for reasons stated in memorandum

below supported by attached evidence and evidence in the record. Or in the alterative

grant Plaintiff time to complete discover pursuant to rule 56(D)

Respectful Submitted

S/ _Adam Evans_____ On this date 1/25/2021

Adam Evans,

Pro se Plaintiff

I INTRODUCTION ,

Plaintiff of Adam Evans appearing pro se submits this brief in opposition to defendant's motion for summary judgment pro se litigation pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)."Although liberal construction requires active interpretation of the filings of a pro se litigant ... it has limits." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin, 765 F.2d at 85). "Liberal construction does not require a court to conjure allegations on a litigant's behalf." Id. (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). And "pro se parties must still brief the issues advanced 'with some effort at developed argumentation." Snyder v. United States, 23 F. App'x 212, 213 (6th Cir. 2001) (quoting United States v. Reed, 167 F.3d 984, 993 (6th Cir. 1999)).in their motion for summary judgment the Defense counsel  procedural defect in plaintiffs grievances and and  their version  of the facts  that was filed on the cutoff date for deposit of motions along with that motion they added three declarations from various odrc officials none of which we*re in compliance with § 1746never  disclosed to me nor was I given a chance to depose along with the declarations the , Defense included several documents as evidence some contain facts but but only the facts that supported their argument somewhat in all reality they just create more questions and raised doubt about their credibility offered a one-sided theory Based on his slanted presentation of the facts and omission of any inculpatory

evidence including video, medical records, grievances and kites from plaintiff about prison staff refusing him access to the j-pay to exhaust his administrative remedies to prison officials giving false and/or misleading declarations.  Defendants claim that there is no genuine issue of material fact and that they are entitled to summary judgment .. However, the two parties have quite different accounts of what happened. Their disagreements create several genuine issues of material fact that a jury at trial, rather than a judge on summary judgment, should resolve. Accordingly, the court should deny defendants' motion for summary judgement.

## II. STATEMENT OF FACTS AND LAW AND ARGUEMENT

 Defendants Raise the issue of exhaustion of administrative remedies in their motion for summary judgment But decided not to cite or even mention any of the recent decisions by The Supreme Court and six circuit court of appeals cases In Ross v. Blake, 136 S. Ct. 1850 (2016) Under § 1997e(a), the exhaustion requirement hinges on the "available[ility]" of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones. And that limitation on an inmate's duty to exhaust—although significantly different from the "special circumstances" test or the old CRIPA standard—has real content. As we explained in Booth, the ordinary meaning of the word "available" is " 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.' " 532 U.S., at 737–738, 121 S.Ct. 1819 (quoting Webster's Third New International Dictionary 150 (1993)); see also Random House Dictionary of the English Language 142 (2d ed. 1987) ("suitable or ready for use"); 1 Oxford English Dictionary 812 (2d ed. 1989) ("capable of being made

use of, at one's disposal, within one's reach"); Black's Law Dictionary 135 (6th ed. 1990)

("useable"; "present or ready for immediate use"). Accordingly, an inmate is required to

exhaust those, but only those, grievance procedures that are "capable of use" to obtain

"some relief for the action complained of." Incv,lujding the grievance dirwctly to The

chief Inspector Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) plaintiff Evans are, he

arrived at Lor.C.I. on 4/4/2019 Lor.C.I is one of two of O.D.R.C. reception centers.

When an inmate arrives on the rain correctional institution, they are designated to

security Level 3 classification. As a Level 3 inmate are under controlled movement the

guard's control everything that an inmate can do and where you go at all times. They

are in control of an inmate's access to the grievance procedure. Which they did in my

situation.as the affidavits and my Grievance procedure log and kites that I sent to

various prison officials Notifying them that staff and guards we're not Allowing me

access to the inmate grievance procedure will clearly show.   During intake I was giving

an inmate handbook. (see attachment). The handbook has directions on how an inmate

who has a complaint should address the issue through the inmate grievance procedure.

The inmate Handbook also has 2 sections about the JPay machine in their brief

description of the J pay it says nothing about the grievance procedure being available to

inmates on that system (see attachment of the Lorraine correctional institution inmate

handbook)     In Ross v. Blake , the Supreme Court discussed two circumstances in

which the PLRA's unavailability exception applies that are relevant here. First, "an

administrative scheme might be so opaque that it becomes, practically speaking,

incapable of use. In this situation, some mechanism exists to provide relief, but no

ordinary prisoner can discern or navigate it." Id. at 1859. This is a "high [ ] bar" that

applies "when a remedy is ... essentially 'unknowable'—so that no ordinary prisoner can make sense of what it demands." Id. ; see also Goebert v. Lee County , 510 F.3d 1312, 1323 (11th Cir. 2007) ("That which is unknown and unknowable is unavailable ... If we allowed jails and prisons to play hide-and-seek with administrative remedies, they could keep all remedies under wraps until after a lawsuit is filed and then uncover them and proclaim that the remedies were available all along.") (internal citation omitted). If a remedy fits that bill, then exhaustion is not required. Doe v. Snyder, 945 F.3d 951, 963 (6th Cir. 2019)

I was assigned to housing unit 4 c. Which is the intake block where inmates have no commissary privileges or access to the jpay for any reason. On or about 4/18/2019 I was moved to cellblock 8b still as a Level 3 classification prisoner on April 22nd 2019 after outside rec the guard ordered me out of the cell to take a shower While showering I noticed the injuries that was caused by the malicious premeditated deliberate act of the two correctional officers I then went back to the CEO desk seek medical attention guards told me no I then asked to do in a formal complaint (See affidavit of Jonathan Bagley page id # 86 and Patrick Kennelly page id # 85) once again I was told no go to my cell I requested to speak to Sergeant Nottingham I asked him For the forms  to do an informal complaint he too told me no go to my cell. Later I was ordered to Sergeant Nottingham's office.(see  affidavit of Jonathan Bagley page i.d.#86 and Patrick Kennelly page i.d.85) Mrs. Butch was in the office along with Sergeant Nottingham Mrs. Butch then asked me to show her my injuries which I did and she stated we need to send him the medical .While waiting for a yard officer to escort me to medical I asked Mrs. Butch for the forms required 2 make in informal complaint and was denied .once I got to

medical I asked a supervisor for an informal complaint form he told me they don't have

any they don't even make them anymore and that  I would have to get with unit staff To

obtain the forms required to start the inmate grievance procedure. The 6th circuit stated

"Clearly, the MDOC PREA grievance process is, in practice, filled with contradictions

and machinations, and these contradictions and machinations render the process

"incapable of use." See Ross v. Blake , 136 S. Ct. at 1859 ; see also Pavey v. Conley ,

663 F.3d 899, 906 (7th Cir. 2011) ("An administrative remedy is not 'available,' and

therefore need not be exhausted, if prison officials ... inaccurately describe the steps [an

inmate] needs to take to pursue it.") (collecting cases from the Third, Fifth, and Seventh

Circuits). It is not that the prison played "hide-and-seek" with an administrative

remedy—because the prison did not per se "hide" a remedy. See Ross , 136 S. Ct. at

1860 n.3 (quoting . The remedy presented, however, Goebert v. Lee County, 510 F.3d

1312 (11th Cir. 2007) is so internally contradictory and described with such inaccuracy

that it is, in every practical sense, "unknowable." See id. at 1859 (citing Goebert , 510

F.3d at 1323 ); see also Pavey , 663 F.3d at 906. Having failed to articulate how this

process actually works, "the defendants should not benefit from [Doe 8's and Doe 10's]

inability to find [their] way." See Goebert , 510 F.3d at 1323.Doe v. Snyder, 945 F.3d

951, 965 (6th Cir. 2019) .LOR.C.I. unwritten policy effectively makes the inmate

grievance procedure "unavailable"  to myself and other inmates that have valid

grievances but are on how to use the JPay for the M8 grievance procedure .During the

next few days I asked every staff personnel including guards that I came in contact with,

to allow me on the Jpay all denied me In doe the 6th circuit stated :"In particular, this

exception applies when prison officials "prevent the[ ] use of otherwise proper

procedures," id. at 1860, or design a process that can "trip[ ] up all but the most skillful prisoners." Id. (quoting Woodford v. Ngo , 548 U.S. 81, 102, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) Doe v. Snyder, 945 F.3d 951, 963 (6th Cir. 2019) I was told there was another Inmate grievance procedure  located on the J pay kiosk machine But I can only get on the Jpay during my inside rec time if it was my turn . Inmates at Lorraine have a schedule that controls everything that an inmate can do. I was assigned to sell 115 My schedule inside rec days were Sunday morning an Thursday evening for two hours each I was assigned to cell 115, last to be called to use the JPay there are 15 cells 30 inmates they are out for each 2 hour session and only one JPay machine Inside the cellblock the correction officers control who gets on The J pay and only allows 10 minutes each time every 2 weeks. Only minutes before the shielded rec time on Thursday 4/25/2019 Sgt Nottinham called me to his office and informed me that a guard issued a conduct report on me and he was putting me on JPay restrictions and I would not be able to access the JPay to start the IGP.(see conduct report from 4/25/2019 and attached affidavit) in  Surles v. Andison, 678 F.3d 452 (6th Cir. 2012) the 6th cir stated: This does not mean that a defendant must always show that he did not interfere with a plaintiff's ability to exhaust his administrative remedies. The Only if the plaintiff contends that he was prevented from exhausting his remedies must the defendant present evidence showing that the plaintiff's ability to exhaust was not hindered.Surles v. Andison, 678 F.3d 452, 458 n.10 (6th Cir. 2012) At that time I flipped out mon him so bad case manager Kriener heard and came into Sgt Nottingham office at that time they threatened to put me in the gang unit 8a. In the S.D.Oh the court stated "Whether or not Plaintiff was prevented by Defendants from exhausting the available jail grievance

procedure remains in dispute. Again, if Plaintiff's claims are true, the retaliation and intimidation would render the grievance process functionally unavailable for a person of ordinary firmness." Burfitt v. Lawless, No. 1:19-cv-781, at *9 (S.D. Ohio Jan. 21, 2021) a I continued to express my frustrations and eventually I was sent to mental health to calm me down. I was seen by Mrs. Stevenson ( page i.d #60, 63) at that time I reported The injustices that was taking place against me I also told her I was being denied access to the inmate grievance procedure she then ordered Sergeant Nottingham to allow me on it on the JPay To file an informal complaint ( When we got back to the unit officer Smith and officer Corbett we're working and Sergeant Nottingham let me on the J pay but only for 10 minutes at that time I did file the formal complaint (see page i.d.#83)But having never been on DJ pay And having the two defendants right behind me Watching what I was putting in there and making threatening comments (see page id#90) I was not able to do another informal by being denied access to the JPay at that time .Sergeant Nottingham immediately ordered  me into his office found me guilty of the rules infraction (see attached my punishment was no J pay for two weeks and no commissary for two weeks (see attachment )See Surles v. Andison, 678 F.3d 452, 458 n. 10 (6th Cir. 2012) ("Only if the plaintiff contends that he was prevented from exhausting his remedies must the defendant present evidence showing that the plaintiff's ability to exhaust was not hindered." and I would not be able to access the J pay for any reason even to follow up my grievance . This, too, renders the administrative process unavailable under Ross v. Blake . See136 S. Ct. at 1860. In cases decided before Ross v. Blake , we recognized that although an inmate "must make some affirmative efforts to comply with the administrative procedure[,] [t]he procedure

becomes 'unavailable' [when] prison officials have somehow thwarted the inmates attempts at exhaustion." See Brock v. Kenton County, 93 F. App'x 793, 798 (6th Cir. 2004) Doe v. Snyder, 945 F.3d 951, 965 (6th Cir. 2019) During the next few weeks I made several requests verbally and by writing numerous kites to various officials (see attachments) Including the institutional inspector as my inmate Handbook instructed me to do the ones that did respond ignore any request I made to access the jpay. the Sixth Circuit requires inmates to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." Lee v. Willey, 789 F.3d 673 (6th Cir. 2015) (emphasis added) (quoting Napier, 636 F.3d at 223). If a prisoner "makes affirmative efforts to comply but does not succeed," the court must determine "whether those efforts to exhaust were sufficient under the circumstances." Id. (quoting Risher v. Lappin, 639 F.3d 236, 240 (6th Cir. 2011)) (internal quotation marks omitted). Lucas v. Chalk, No. 1:18-cv-01211-JDB-cgc, at *12 (W.D. Tenn. Aug. 25, 2020) The next time I was able to get on the Jpay to check the status of my informal complaint was 5/25/2019. At that time I seen the institutional inspector response to informal complaint (Ralph Lloyd "it's being investigated" 11 days after I filed my informal complaint on 5/6/2019 at 8:49:30 am then 13 seconds later he closed the grievance out for failure to respond to communication. When in all reality it was him that failed to respond timely. (see affidavit of Ronald Pawlus Page id# 574 paragraph 5) Within seven (7) days of its receipt, the staff member to whom the ICR has been submitted must respond in writing to the informal complaint. See Ohio Administrative Code§ 5120-9-31(K)(I).   The inmate handbook state: When the staff member receives your complaint, they will investigate and respond within 7 days. (see attachment of the

inmate handbook I was issued). ", The 6th circuit stated: "When pro se inmates are required to follow agency procedures to the letter in order to preserve their federal claims, we see no reason to exempt the agency from similar compliance with its own rules." Id. at 241." Troche v. Crabtree, 814 F.3d 795, 802 (6th Cir. 2016) At that time I then wrote an informal complaint (see page id#89) on being denied access to the inmate grievance. Chris Lambert responde4d on 5/31/2019 6 days later with a rubber stamp response then immediately denied the complaint then closed it out. The rest of my grievance history demonstrates my diligent effort to comply with O.D.R.C.inmate grievance procedure even mailing one directly to the Chief Inspector, with M.D. Bratton responding with a boilerplate response.(see attachment) Due to adverse action by prison guard, prison staff and prison officials ignoring my pleas the inactions made an otherwise effective inmate grievance procedure the guards do not allow more experience inmates at using the JPay to assist them in experienced inmate or in my case no experience on how to navigate the J pays' complicated menus "In we recognized that officials might devise procedural systems (including the blind alleys and quagmires just discussed) in order to "trip[ ] up all but the most skillful prisoners." 548 U.S., at 102, 126 S.Ct. 2378" Ross v. Blake, 136 S. Ct. 1850, 1860 (2016) LOR.C.I. unwritten policy effectively makes the inmate grievance procedure "unavailable" to myself and other Lor.C.I. uses to keep an inmate from any possibility of there ever being any available remedies is by making it so confusing that it is opaque and is affectively unavailable or incapable of use making grievance procedure unavailable to myself and other similar situated inmates.

III.CONCLUSION

The whole record clearly shows I made a diligent effort to comply with all requirement of the inmate grievance Procedure the record also shows those efforts were interfered with by prison guards and officials. Making the inmate grievance procedure unavailable. To further validate these facts discovery needs to be completed. And defendants' motion is premature at this point.   For the reasons stated above defendant Motion for Summary Judgement should be denied.

Respectful submitted.

S/ _Adam Evans_____ on this date of __1/25/21__

Adam Evans

339 Townsend ST. NW

Uniontown OH 44685


Certificate of service

I hereby certify that a true and correct copy of the forgoing has been.

furnished by on !/25/2021 to the following:

Mindy Worly(0037395)

Principal Assistant Attorney General

Criminal Justice Section

150 East Gay St., 16th floor

Cpolumbus OH 43215


10

Adam Evans
3339 Townsend St.nw
Uniontown OH 44685



UNITED STATES
POSTAL SERVICE

1000          44113

U.S. POSTAGE PAID
FCM LG ENV
AKRON, OH
44312
JAN 25 '21
AMOUNT

**$2.00**
R2304M115120-25

Office of the Clerk
U.S. DistrictCourt Northern District
of Ohio
Carl B. Stokes Court House
801 W. Supewrior Ave
Cleveland OH   44113