IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM EVANS, | ) | Case No. 1:19-cv-2870 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| ANETTE CHAMBERS-SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

On July 26, 2021, the Court referred this matter to me under Local R. 72.2(a) and 28 U.S.C. § 636 for pretrial management, including issuance of a report & recommendation on the remainder of defendants' – Corrections Officers Smith and Corbett – motion for summary judgment. ECF Doc. 39 at 13. I've also been empowered to set a briefing schedule and rule on all pending non-dispositive motions, of which there are two: plaintiff Adam Evans's "motion to compel discovery production" and "motion for leave of court to serve admissions and depose defendants, prison officials, guards and witnesses by serving interrogatories." ECF Doc. 27; ECF Doc. 31; ECF Doc. 39 at 13.

For the reasons discussed below, Evans's motion to compel discovery (ECF Doc. 27) is DENIED AS MOOT and his motion to serve requests for admissions and interrogatories (ECF Doc. 31) is DENIED. It is further ORDERED that the following deadlines be established. The discovery deadline is October 28, 2021. Defendants may supplement their motion for summary judgment with any additional material by October 29, 2021. Evans's response on the merits of

defendants' motion for summary judgment is due on November 30, 2021. Defendants' reply brief is due December 14, 2021. Defendants' motion for summary judgment (ECF Doc. 28) is HELD IN ABEYANCE pending briefing on the remainder of defendants' motion for summary judgment.

**I.     Relevant Background**

Evans, an Ohio prisoner, filed on December 11, 2019, a civil rights complaint under 42 U.S.C. § 1983 against – among others – Officers Smith and Corbett for injuries he suffered while imprisoned at Lorain Correctional Institute ("LCI").[1] ECF Doc. 1. Sometime in April 2019, Officers Smith and Corbett allegedly imbedded staples into bars of soap that were distributed to prisoners throughout Evans's cellblock. ECF Doc. 1 at 10. This act of stapling was allegedly caught on video camera. *Id.* On April 22, 2019, Evans was handed one of the tainted soap bars by a one of the prison guards, which he used to shower with. *Id.* As he rubbed the soap over his body, the staples became exposed and cut him. *Id.* Evans later became ill and tested positive for Hepatitis-C. ECF Doc. 1 at 10-11. Accordingly, Evans brings an Eighth Amendment claim for damages against Officers Smith and Corbett. ECF Doc. 1 at 54.

On September 8, 2020, the court issued a case management schedule, setting the following relevant deadlines: (1) joinder of parties and amended pleadings due by September 8, 2020; (2) dispositive motions due by December 14, 2020; and (3) discovery due by March 1, 2021. ECF Doc. 25.

On December 14, 2020, Evans moved, under Fed. R. Civ. P. 37, to compel the defendants to produce "videos of the assault acts defendants … did to plaintiff." ECF Doc. 27. That same

---

[1] Evans's claims against the other defendants were dismissed by the court. ECF Doc. 8. So were his official capacity claims against Officers Smith and Corbett and his requests for injunctive relief. ECF Doc. 8 at 3; ECF Doc. 21. All that remains are Evans's individual capacity claims against them.

2

day, the defendants moved for summary judgment on various grounds, including for lack of exhaustion.  ECF Doc. 28.

On December 15, 2020, the court ordered Evans to file a response brief addressing only the issue of exhaustion.  ECF Doc. 29 at 1-2.  The court held Evans's motion to compel in abeyance, construing it instead as a Fed. R. Civ. P. 56(d) motion for additional discovery.  ECF Doc. 29 at 2.

On December 17, 2020, Evans filed a motion to serve defendants with written interrogatories and requests for admission in order to uncover the existence of security camera footage throughout LCI and his prison cellblock and to gather evidence relating to the issue of damages.  ECF Doc. 31.  The court held this motion in abeyance pending briefing on the issue of exhaustion.  Docket Entry dated 12/17/2020.

On December 18, 2020, defendants filed a supplement to their motion for summary judgment, to which they attached their second and third responses to discovery, dated November 12, 2020 and December 15, 2020, respectively.  ECF Doc. 32; ECF Doc. 32-2.  The November 12, 2020 responses to discovery stated:

> 4) Produce the security video recording in LORCI cellblock 8B on April 22, 2019 between 12 pm noon -10pm.
>
> **ANSWER: Since no such video exists there is none to be produced.**
>
> 5) Produce the security camera video recordings in LORCI during April 2019 when defendants Corbett and Smith w[ere] working in 8B cellblock.
>
> **ANSWER: Since no such video exists there is none to be produced.**

ECF Doc. 32-2 at 4.  The December 15, 2020 responses to discovery did not address the issue of video recordings at LCI.  ECF Doc. 32-2 at 10-17.  The court granted defendants' motion to supplement.  Docket Entry dated 12/18/2020.

3

On January 6, 2021, Evans filed a response to defendants' motion for summary judgment that addressed both the issue of exhaustion and the merits. ECF Doc. 33. The court then struck Evans's response for noncompliance with Local Rule 7.1 and the court's civil standing order for briefs, and because it exceeded the bounds of the court's previous order directing briefing only on the issue of exhaustion. Docket Entry dated 1/07/2021. The court ordered Evans to file a new brief that was limited to the issue of exhaustion. *Id.*

On January 28, 2021, Evans filed a response in opposition to defendants' motion for summary judgment addressing the issue of exhaustion and alternatively requesting additional time to complete discovery on the issue of exhaustion. ECF Doc. 35. On February 11, 2021, defendants filed their reply, addressing only the issue of exhaustion and additional discovery on that issue while reserving the right to file a reply on the merits at a future date. ECF Doc. 38.

On February 18, 2021, the court vacated the case management schedule. Docket Entry dated 2/18/2021. And on July 26, 2021, the court issued an order denying in part defendants' motion to summary judgment as to the issue of exhaustion. ECF Doc. 39.

## II.     Motion to Compel

### A.     Parties' Arguments

In his first discovery motion, Evans seeks an order compelling defendants to produce "videos of the assault acts defendants … did to plaintiff." ECF Doc. 27 at 1. According to the defendants, videos showing "the guards mutilating Evans 'don't exist.'" ECF Doc. 27 at 2. Evans maintains that this is false because LCI is "blanketed in security cameras," and defendants' assertion that the videos don't exist amounts to an inferred admission that they destroyed evidence. *Id.* He maintains that it's the policy of the Office of the Ohio Attorney General ("AG") to give pro se litigants no discovery and to lie and destroy video evidence. *Id.*

4

Separately, Evans asserts that the AG's Office is representing defendants under a conflict of interest because the AG's Office previously has prosecuted jailhouse officials for tampering with evidence, and the AG's Office is now representing defendants guilty of the same conduct. ECF Doc. 27 at 1-2. Therefore, he contends that a protection order is immediately warranted, the AG's Office should be recused, and an evidentiary hearing should be held. ECF Doc. 27 at 3.

Defendants have not directly responded to Evans's motion to compel. However, in their motion for summary judgment, they argue (in response to a now dismissed motion to extend discovery) that there are no videos of them preparing bar soap with staples. ECF Doc. 28 at 20.

**B.     Analysis**

The court has already construed Evans's motion to compel as a motion for additional time to conduct discovery under Fed. R. Civ. P. 56(d). ECF Doc. 29 at 1. Because the court has vacated the case management schedule, including the deadline for discovery, and this Order establishes a new deadline for discovery, Evans's construed motion for additional time to conduct discovery is DENIED AS MOOT.

To briefly address Evans's other contentions, defendants have already informed Evans that the videos he requested did not exist. ECF Doc. 28 at 20; ECF Doc. 32-2 at 4. "The Court cannot compel [d]efendant[s] to produce something that does not exist." *Stone v. Collier*, No. 2:19-cv-401, 2020 U.S. Dist. LEXIS 50613, at *15-16 (S.D. Ohio Mar. 24, 2020).

Evans's contention that the AG's Office should be recused from representing defendants is unavailing. "[A]bsent an independent basis upon which to disqualify the [AG] applicable to all attorneys, such as a conflict of interest, a Court has no power to prevent the [AG] from representing defendants[,] and plaintiffs have no standing to challenge that representation." *Wellman v. Supreme Ct. of Ohio*, No. 2:17-cv-391, 2018 U.S. LEXIS 41540, at *6 (S.D. Ohio

5

Mar. 14, 2018) (quotation marks omitted). Evans's bare allegations, without evidentiary support, that defendants have destroyed evidence isn't enough warrant disqualifying the AG's Office from representing defendants. *See Crosky v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-cv-00400, 2010 U.S. Dist. LEXIS 48465, at *7 (S.D. Ohio Apr. 20, 2010) (unsupported allegations of ethical violations are insufficient to disqualify a party's chosen counsel). In addition, as discussed below, nothing prevents Evans from submitting suitably limited discovery requests seeking details of what, if any, video recording system exists at the institution and whether the institution has a video retention policy, its details, etc.

### III. Motion to Serve Interrogatories and Requests for Admissions

#### A. Parties' Arguments

In his second discovery motion, Evans seeks, under Fed. R. Civ. P. 33 and 36, leave to depose defendants, prison staff, and other witnesses via written interrogatories and serve them with requests for admission. ECF Doc. 31 at 1. Evans seeks to use requests for admissions and interrogatories to prove the existence of security cameras throughout LCI and the cellblock where defendants "mutilated" him and establish the existence of video recordings defendants claim don't exist. *Id.* He also contends that this discovery will provide evidence relevant to the severity of his injuries and damages. ECF Doc. 31 at 1-2. Defendants have not responded to this motion.

#### B. Analysis

Evans's discovery request is overbroad. He seeks to serve, in addition to defendants, unnamed "prison officials, guards, and witnesses." ECF Doc. 31. However, only parties to a litigation may be served with interrogatories and requests for admission. Fed. R. Civ. P. 33; Fed. R. Civ. P. 36; *see*, *e.g.*, *Marzett v. Tigner*, No. 1:18-CV-00110, 2020 U.S. Dist. LEXIS

6

6462, at *5 (W.D. La. Jan. 14, 2020); *Bryant v. Gallagher*, No. 1:11-cv-00446, 2013 U.S. Dist. LEXIS 100048, at *20 (E.D. Cali. July 17, 2013); *Nat'l Council on Comps. Ins., Inc. v. Am. Int'l Grp., Inc.*, No. 07C2898, 2007 U.S. Dist. LEXIS 91518, at *24 (N.D. Ill. Dec. 11, 2007); *Dashtpeyma v. Liberty Ins. Corp.*, No. 1:11-CV-3809, 2012 U.S. Dist. LEXIS 198514, at *4 (N.D. Ga. Apr. 9, 2012). And leave of court isn't necessary for him to serve defendants with interrogatories. Leave of court is necessary only when the number of interrogatories per defendant exceeds 25. Fed. R. Civ. P. 33(a)(1). There's no indication in the record that defendants have been served with any interrogatories or that Evans intends to serve them with more than 25 written interrogatories each. Likewise, Evans doesn't need leave of court to serve defendants with requests for admissions. Fed. R. Civ. P. 36. Accordingly, Evans's motion to serve interrogatories and serve requests for admissions is DENIED.

**IV.  Discovery and Briefing Deadlines**

Because the case management schedule has been vacated, the court hereby establishes the following deadlines. The deadline for discovery is October 28, 2021. Defendants may supplement their motion for summary judgment with additional material no later than October 29, 2021. Evans's response on the merits of defendants' motion for summary judgment is due on November 30, 2021. Defendants' reply brief is due on December 14, 2021.

**IT IS SO ORDERED.**

Dated: July 30, 2021

Thomas M. Parker
United States Magistrate Judge

7