IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM EVANS, | ) | Case No. 1:19-cv-2870 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| ANETTE CHAMBERS-SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER**[1] |
| | ) | |

Pending before the court is plaintiff Adam Evans's "motion to reconsider L R 83.10[,] motion to stay proceedings[, and] motion to enlarge time to perfect brief in opposition." ECF Doc. 42. He seeks one of three things: (1) appointment of counsel; (2) an extension until December 30, 2021 to respond to defendants Corrections Officers Smith and Corbett's motion for summary judgment; or (3) a stay of proceedings. ECF Doc. 42 at 3. For the reasons that follow, his motion is DENIED IN PART as to his request for appointment of counsel or a stay of proceedings and GRANTED IN PART as to his request for an extension.

## I.    Relevant Background

On December 11, 2019, Evans filed a prisoner civil rights complaint under 42 U.S.C. § 1983, generally alleging that the defendants violated his constitutional rights while he was incarcerated at Loraine Correctional Institution. ECF Doc. 1. On June 23, 2020, Evans was released from incarceration. ECF Doc. 17.

---

[1] This matter is before me under Local R. 72.2(a) and 28 U.S.C. § 636, pursuant to the court's July 26, 2021 order of referral. ECF Doc. 39.

On September 8, 2020, the court set an initial briefing schedule, with dispositive motions due by December 14, 2020 and responses due by January 4, 2021.  ECF Doc. 25.  On December 14, 2020, the defendants moved for summary judgment, arguing that Evans's claims were barred for lack of exhaustion and, alternatively, lacked merit.  ECF Doc. 28.  The next day, the court ordered Evans to brief *only* the issue of exhaustion.  ECF Doc. 29.

On January 6, 2021, Evans filed his response to the motion for summary judgment, addressing not only the exhaustion issue, but also the merits.  ECF Doc. 33.  The court issued an order striking Evans's response for noncompliance with the briefing order, the local rules, and the Court's Civil Standing Order for briefs and extended the deadline for Evans to file a corrected response limited to the issue of exhaustion.  Docket Entry dated 1/07/2021.  On January 28, 2021, Evans filed a new response to the motion for summary judgment, this time limited only to the issue of exhaustion.  ECF Doc. 35.

On July 26, 2021, the court denied the defendants' motion for summary judgment in part as to the issue of exhaustion and referred the remainder of the motion to the undersigned magistrate judge, with authority set a new briefing schedule.  ECF Doc. 39.  Accordingly, on July 30, 2021, the court established a new briefing schedule, pursuant to which Evans's response is due by November 30, 2021.  ECF Doc. 40.

On November 1, 2021, Evans filed the current motion, notifying the court that he is in custody at the Summit County Jail on a new charge.  ECF Doc. 41; ECF Doc. 42.  Evans claims that his conditions of confinement make it impossible for him to respond to the defendants' motion for summary judgment.  ECF Doc. 42 at 2-3.  He states that Summit County Jail has no access to LexisNexis or Westlaw or printed versions of the Federal Rules of Civil Procedure and this court's local rules, which put him at a disadvantage relative to the defendants.  ECF Doc. 42 at 2.  And he states that his new-case defense attorney has requested that Legal Aid have no

contact with him to protect his Fifth Amendment rights.  *Id.*  Accordingly, Evans requests either appointment of pro bono counsel, an extension to the deadline to respond to the motion for summary judgment, or a stay.  ECF Doc. 42 at 3.

## II.     Law & Analysis

Indigent civil plaintiffs, whether prisoners or free citizens, have no right to appointment of counsel.  *Cleary v. Mukasy*, 307 F. App'x 963, 965 (6th Cir. 2009); *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir 2004).  An indigent plaintiff may request appointment of counsel.  28 U.S.C. § 1915(e)(1); *see also* L.R. 83.10.  But whether counsel should be appointed is a matter of court discretion, one we exercise only in "exceptional circumstances."  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).  In determining whether exceptional circumstances are present, we consider the nature of the case, the legal and factual complexity of the issues, and the plaintiff's ability to represent himself.  *Id.*

Evans has not demonstrated exceptional circumstances warranting the appointment of counsel.  The factual issues involved in the case are not complex, as the facts concern only whether the defendants imbedded staples into bars of soap and whether Evans was substantially injured as a result.  ECF Doc. 1 at 10-11; ECF Doc. 28 at 6-13.  Nor does the legal complexity of the issues involved (qualified immunity and liability under the Eighth Amendment) make the circumstances of the case exceptional, given that Evans already filed a response brief once addressing whether the defendants violated the Eighth Amendment.  ECF Doc. 28 at 6-13; ECF Doc. 33 at 11-16.  And Evans's pleadings thus far show that he's adequately capable of representing himself.

Evans's alleged conditions of confinement also do not establish exceptional circumstances.  He has not explained why he was unable to file a brief on the merits in the months between the court's order setting the briefing schedule and his incarceration.  Further, a

3

review of the court docket in his current criminal case indicates that Evans has been released on bond, which would relieve him of the impediments confinement allegedly imposes on his ability to research his case.  Docket for Summit Cnty. Ct. of Common Pleas, Case No. CR-2021-10-3669, dkt. entry dated 11/03/2021 (authorization for release stating that Evans has posted bond).[2] Nevertheless, the court finds that any impediments caused by his criminal proceedings can be better accommodated through extensions rather than through appointment of counsel. Accordingly, his request for appointment of counsel is DENIED.

To briefly address Evans's other requests for relief, given that Evans has been authorized to be released on bond, his request for a stay is DENIED AS MOOT.  His request for an extension is GRANTED IN PART.  The court grants a limited, seven-day extension to the deadline for file a response brief, until December 7, 2021.  Should Evans's criminal proceedings affect Evans's ability to litigate the motion for summary judgment, he may request additional extensions, provided he establishes good cause.  Fed. R. Civ. P. 5(b)(1).

**IT IS SO ORDERED.**

Dated: November 4, 2021

Thomas M. Parker
United States Magistrate Judge

---

[2] *Lyons v. Stovall*, 188 F.3d 327, 332 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record."); *see also Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (taking judicial notice of online state docket sheet).