IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM EVANS, | ) | Case No. 1:19-CV-02870 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| ANETTE CHAMBERS-SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Adam Evans, a former prisoner at an Ohio state prison, proceeding *pro se*, claims that his Eighth Amendment rights were violated when, while he was incarcerated, he was given and inadvertently used a bar of soap with staples punched into it. He seeks relief under 42 U.S.C. § 1983. ECF Doc. 1. After a prior ruling only two defendants remain, correctional officers Ricky Corbitt and Nathan Smith.[1] Corbitt and Smith contend that Evans's claim fails as a matter of law and demand summary judgment. ECF Doc. 25. Evans has responded and the officers have replied. ECF Doc. 45; ECF Doc. 47. Further, Corbitt and Smith have moved to supplement their reply brief. ECF Doc. 48. Evans opposes the motion. ECF Doc. 50.

For the following reasons, Corbitt and Smith's motion to supplement is GRANTED, and I recommend that Officers Corbitt's and Smith's motion for summary judgment be GRANTED.

---

[1] Evans has not identified the first names of the correctional officers, but their reply includes two declarations indicating their full names. *See* ECF Doc. 47-1; ECF Doc. 47-2. Also, the filings refer to Officer Corbitt as both "Corbitt" and "Corbett;" based on the declaration and the defendants' filings, I will use "Corbitt."

## I.    Procedural History

On December 11, 2019, Evans filed a complaint alleging various violations of his

constitutional rights by government officials and prison officials at Lorain Correctional

Institution ("LCI"), in their individual and official capacities.  *See* ECF Doc. 1.  He sought

damages and declaratory and injunctive relief under § 1983.  ECF Doc. 1.  Included in his

allegations, Evans contended that correctional officers Corbitt and Smith violated his Eighth

Amendment rights.  ECF Doc. 1 at 10-12.  He also moved to proceed *in forma pauperis* ("IFP").

ECF Doc. 2.

The court granted Evans IFP status and reviewed his complaint under 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A.  ECF Doc. 8.  Under the screening provisions, the court dismissed

Evans's claims for declaratory and injunctive relief and his claims against all defendants,[2] other

than his Eighth Amendment claim against Officers Corbitt and Smith.  ECF Doc. 8 at 3-5.

Officers Corbitt and Smith answered the complaint and moved for judgment on the

pleadings, which the court granted to the extent the officers were sued in their official capacities

but otherwise denied.  ECF Doc. 12; ECF Doc. 13; ECF Doc. 21.

Officers Corbitt and Smith now move for summary judgment.[3]  ECF Doc. 28.  They

contend that they are entitled to summary judgment because: (1) Evans failed to administratively

exhaust his claim; (2) Evans's complaint failed to allege sufficient facts to state an Eighth

Amendment claim; (3) Evans cannot bring a claim for monetary damages under the Prison

Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e; and (3) they are entitled to qualified

---

[2] Judge Gwin dismissed plaintiff's claims against Annette Chambers-Smith, director of the Ohio
Department of Rehabilitation and Correction ("ODRC"), Ohio Governor Mike DeWine, ODRC Medical
Director Andrew Eddy, and Lorain Correctional Institution Warden Kimberly Clipper.  ECF Doc. 8.
[3] The parties' arguments regarding the summary judgment issues currently pending before the court will
be addressed in greater detail below.

immunity.  *See* ECF Doc. 28 at 3-19.  The officers also supplemented their motion with additional evidence related to the exhaustion issue.  *See* ECF Doc. 32.

The court ordered Evans to respond specifically to the exhaustion issue, which he did. ECF Doc. 29; ECF Doc. 35.  The court then denied summary judgment only as to the exhaustion issue, finding that Officers Corbitt and Smith had not shown that Evans had failed to exhaust his administrative remedies regarding his Eighth Amendment claim.  ECF Doc. 39.

Evans then responded to the remaining issues in Officer Corbitt's and Smith's motion for summary judgment, asserting that they were not entitled to qualified immunity and there were genuine issues of material fact existed as to the correctional officers' involvement in his injuries and his injuries' severity.  ECF Doc. 45.  The officers reiterate their arguments in reply.  ECF Doc. 47.

Additionally, the officers attached to their reply their unsigned declarations.[4]  ECF Doc. 47-1; ECF Doc. 47-2.  They now also move to supplement their reply with the signed declarations.  ECF Doc. 48.  Evans has opposed the motion and moved to strike their unsigned declarations.  ECF Doc. 50.

## II.    Motion to Supplement

The officers move to supplement their reply brief with their signed declarations, asserting that "[p]ermitting the motion to supplement will enable the Court the opportunity to rule on the motion for summary judgment."  ECF Doc. 48 at 1-3.  Evans opposes the motion, moving to strike the unsigned declarations and asserting that the officers' failure to timely submit their

---

[4] Although one of the declarations is electronically signed (ECF Doc. 47-1), the officer's reply brief states that the attached declarations were unsigned.  ECF Doc. 47 at 2 n.1.  Given that it is unclear whether the declaration was *intentionally* signed, I will take the officers at their word that the declaration should be considered unsigned.

signed declarations and the submission of the unsigned declarations shows a disrespect for the federal rules of procedure and constitutes undue delay. ECF Doc. 50.

The consideration of motions to supplement ultimately resides with the district court's discretion. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 881-82 (6th Cir. 2006) (noting that the abuse of discretion standard governs review of the denial of motions to supplement). Similarly, motions to strike are within "the sound discretion of the trial court" and are disfavored, granted only where the allegations are immaterial or would cause prejudice. *Newman v. Telb*, No. 3:08-CV-711, 2010 U.S. Dist. LEXIS 96994, at *4-5 (N.D. Ohio Sept. 16, 2010).

Evans correctly notes that the officers have had a substantial amount of time to prepare for this litigation, including the preparation of declarations conforming with Federal Rule of Civil Procedure 56. However, Evans has not identified any specific prejudice to him that would result from my consideration of the declarations. *See generally* ECF Doc. 50. On the other hand, the officers point only to the holidays and mail delays as justification for their inability to file compliant declarations with their reply brief and present no real justification for why the court should consider them now. *See* ECF Doc. 47 at 2 n.1; ECF Doc. 48.

Because: (i) Evans has responded to the motion and not identified any prejudice; (ii) the declarations are from the defendants and relevant to the proceeding; and (iii) the declarations are now consistent with Rule 56's requirements, the officers' motion to supplement their reply brief is GRANTED and the unsigned declarations are STRICKEN from the record. *See Key v. Shelby Cty.*, 551 F. App'x 262, 264-265 (6th Cir. 2014) (holding that in response to reply briefs that raise new evidence or issues the opposing party must be given an adequate opportunity to respond); *Newman*, 2010 U.S. Dist. LEXIS 96994, at *4-5.

### III. Facts[5]

Officers Corbitt and Smith worked at LCI while Evans was a prisoner at the facility. ECF Doc. 1 at 10; ECF Doc. 28-1 at 1-2. Evans entered LCI on or before April 5, 2019, and shortly thereafter was ordered to undergo a hepatitis C blood test. ECF Doc. 25 at 15-16; ECF Doc. 45 at 11. When the blood was drawn for that test is disputed; his positive results are not. ECF Doc. 25 at 16; ECF Doc. 45 at 11.

On April 22, 2019, Evans went to take a shower and obtained a bar of soap from a guard. ECF Doc. 1 at 10; ECF Doc. 28-2 at 1. On beginning to wash himself, Evans realized the bar had staples pushed into it. ECF Doc. 1 at 10; ECF Doc. 28-1 at 2, 7. Because of the staples, Evans sustained lacerations across his arms and abdomen. ECF Doc. 1 at 10-11; ECF Doc. 1-4 at 6-7; ECF Doc. 28-1 at 10-12. A prison guard searched the drawer where the soap was stored and discovered a second bar of soap that also contained staples. ECF Doc. 1 at 11; ECF Doc. 28-1 at 2, 7. Evans did not receive significant medical treatment for his injuries. ECF Doc. 1 at 11. The two bars of soap had five to six staples apiece pushed into the bars at their thinnest point. *See* ECF Doc. 28-1 at 7.

### IV. Applicable Legal Standards

#### A. Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *Maben v. Thelen*, 887 F.3d 252, 258 (6th Cir. 2018). The moving party must demonstrate "the basis for its motion, and identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it

---

[5] The facts recited in this section are undisputed or established by Rule 56 evidence.

believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotation omitted). The nonmoving party may not simply rely on his pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted); *see also Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996) (recognizing that the trial court does not have the responsibility on its own to search the record for genuine issues of fact). A reviewing court must determine whether the evidence that the nonmoving party relies upon "presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

In evaluating the evidence presented on a summary judgment motion, courts must draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255. Nonetheless, a court need not accept unsupported or conclusory statements as true. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment."). A "claim will only survive summary judgment if the nonmovant can adduce more than a scintilla of evidence in support of the claim; it cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact." *Harvey v. Campbell Cty.*, 453 F. App'x 557, 561-62 (6th Cir. 2011).

### B.     Liberal Construction for *Pro Se* Filings

Filings by *pro se* litigants are liberally construed and held to less stringent standards than formal filings by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). But the court may not use liberal construction to create arguments on behalf of a litigant that are plainly not present in the litigant's briefing. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)

(noting that holding otherwise would "transform the district court . . . to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

V.    **Merits**

As an initial matter, it is unclear from the face of Evans's complaint what type of Eighth Amendment claim he brings. His claim rests on two main factual bases: (1) the officers putting staples in the soap used by inmates, including himself, and the staples injuring him; and (2) prison medical staff refusing to him care. *See* ECF Doc. 1 at 10-12. The latter correlates to a claim for deliberate indifference to medical needs. The former, however, is murkier.

Evans titles his claim as "Assault Mutilation by Guards," which implies a physical use of force by the officers and is consistent with his reliance on excessive force law in his opposition to summary judgment. *See* ECF Doc. 1 at 10; *see generally* ECF Doc. 45. But his factual allegations relate exclusively to the creation of a risk to his safety – namely the adulteration of the soap by placing staples in it. *See* ECF Doc. 1 at 10-12. Historically, the Sixth Circuit has analyzed the creation of harmful and potentially harmful conditions under a conditions of confinement analysis. *See Rhodes v. Michigan*, 10 F.4th 665, 674-675 (6th Cir. 2021) (using a conditions of confinement analysis to analyze a prison official's conduct in releasing a heavy laundry cart without confirming the inmate had control of the cart); *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482-487 (6th Cir. 2020) (using a conditions of confinement analysis to determine whether a prison official could be held liable for an inmate's suicide after the officer placed him in solitary confinement); *Roland v. Johnson*, 856 F.2d 764, 769-770 (6th Cir. 1988) (using a conditions of confinement analysis to determine whether prison officials failed to adequately protect an inmate who they knew could be a target for rape).

Excessive force claims, in contrast, generally relate to the direct use of force or restraints on an inmate by prison officials. *See Barker v. Goodrich*, 649 F.3d 428, 431, 434 (6th Cir. 2011) (holding that a genuine issue of material fact existed as to whether correctional officers' placement of an inmate in an cell for 12 hours with his arms restrained so as to prohibited him from drinking water and using the restroom, was excessive force); *Griffin v. Hardrick*, 604 F.3d 949, 951-52, 956 (6th Cir. 2010) (holding that the correctional officer's use of a leg sweep maneuver was not excessive force when it was used to bring a resisting inmate to the ground so she could be handcuffed); *Pelfrey v. Chambers*, 43 F.3d 1034, 1035, 1037 (6th Cir. 1995) (holding that the plaintiff inmate stated a cognizable excessive force claim in alleging that the correctional officers forcibly cut his hair in an unprovoked incident).

Accordingly, because Evans's claim relates to the creation of a harmful circumstance without an allegation of the use of any direct force or restraints, I treat his complaint as raising a conditions of confinement claim under the Eighth Amendment, in addition to his deliberate indifference to medical needs claim.

### A. 42 U.S.C. § 1983 Causation

Officers Corbitt and Smith contend that Evans's allegations fail to state an Eighth Amendment claim against them. ECF Doc. 28 at 6-13. Officer Smith, specifically, argues that Evans failed to show that he was the cause of his harm because: (1) Evans did not see him put any staples in the soap; and (2) he was not present at the prison at the time of the incident or when Officer Corbitt was seen putting the staples in the soap because those were Smith's days off. ECF Doc. 28 at 6-9; ECF Doc. 28-1 at 1-2. Officer Smith simultaneously asserts that "there are no facts suggesting" he deprived Evans of a constitutional right, while also acknowledging an affidavit submitted by Evans of a fellow inmate (that recounts that inmate witnessing Officer

Smith laughing while watching Officer Corbitt put staples in the soap), but denying that laughing would constitute a constitutional violation in any event. ECF Doc. 28 at 8. Officer Corbitt contends that he cannot be held liable because he: (1) did not hand the soap to Evans, and (2) was not present when Evans used the soap. ECF Doc. 28 at 9.

Evans responds that the Sixth Circuit has not required a showing of direct conduct by a defendant if the plaintiff is unable to clearly identify which officers committed specific acts, and liability may be imposed based on one officer's failure to act or to have prevented the use of force in certain circumstances. ECF Doc. 45 at 5-7. Specifically, as to Officer Corbitt, Evans contends that Officer Corbitt cannot escape liability by merely not being the one who handed him the adulterated soap, and he argues that he has shown the officers were deliberately indifferent because the staples were willfully placed in the soap without any penological justification. ECF Doc. 45 at 7-12.

Although not referenced in his response, Evans also attached to his complaint two sworn and signed affidavits from fellow inmates. *See* ECF Doc. 1 at 5, 8. The first, attested that, on April 21, 2019, he saw Officer Corbitt tell Officer Smith that "some inmate [was] going to get a big surprise" while stapling staples into the bar of soap. ECF Doc. 1-4 at 5. And Officer Smith laughed. ECF Doc. 1-4 at 5. In the second affidavit, a fellow inmate stated that, about the last week of March, he witnessed Officer Corbitt and an inmate arguing about Officer Corbitt putting staples in the soap bars and handing them to inmates. ECF Doc. 1-4 at 8.

The officers reiterate their arguments in reply, contending that "there is NO evidence whatsoever that either Defendant Corbitt or Defendant Smith imbedded staples in soap" and Evans relies solely on speculation. *See generally* ECF Doc. 47. In their declarations, both

officers assert they did not place the staples in the soap and where not present during the shower incident. *See* ECF Doc. 48-1 at 2; ECF Doc. 48-2 at 1.

Section 1983 provides a cause of action for violations of constitutional rights by persons acting under color of state law. 42 U.S.C. § 1983. To establish causation under § 1983, a plaintiff must establish a defendant's liability based on the individual's personal involvement with the alleged constitutional deprivation. *See Heyerman v. Cty. Of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Generally, an allegation of a mere failure to act is insufficient. *Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011).

### 1. Causation as to Deliberate Indifference to Medical Need

To the extent Evans asserts a claim that Officers Smith or Corbitt were indifferent to his medical needs, his claim fails. Evans has not alleged sufficient facts to establish that either officer was responsible for or connected to his medical care. *See* ECF Doc. 1 at 10-12. Accordingly, Evans has failed to establish their personal involvement with his alleged constitutional violation and summary judgment must be granted on that basis. *Heyerman*, 680 F.3d at 647.

### 2. Causation as to Conditions of Confinement

Officer Smith is entitled to summary judgment on Evans's Eighth Amendment claim, but Officer Corbitt has not shown that there is no genuine issue of material fact as to his personal involvement. Fed. R. Civ. P. 56(a); *Maben*, 887 F.3d at 258. As to Officer Smith, Evans relies solely on the affidavit attesting to Officer Smith laughing at Officer Corbitt while he punched staples into the soap to substantiate Officer Smith's personal involvement with causing his injuries. *See generally* ECF Doc. 1 at 10-12; ECF Doc. 1-4 at 5. Officer Smith contends that he cannot be liable because there is "no such thing as bystander liability" under § 1983. ECF Doc. 25 at 7.

Ultimately, the inferences necessary to tie Officer Smith to the harmful conduct are unreasonable. *See Bard*, 970 F.3d at 752-753. The affidavit on which Evans relies stated that the incident where Officer Smith witnessed and laughed at Officer Corbitt putting staples into soap occurred on April 21, 2019. *See* ECF Doc. 1-4 at 5. Officer Smith submitted – and Evans has not contested – evidence that he was not at work on April 21, 2019 or on the day of the incident. *See* ECF Doc. 28-1 at 1-2; *see generally* ECF Doc. 45. Because Officer Smith brought forward undisputed evidence that he was not at the prison that day and because the affidavit gives an affirmative statement of the date of the incident, it would be unreasonable for the court to infer that the incident occurred on a different date in order to subject Officer Smith to liability. *Anderson*, 477 U.S. at 255; *Harvey*, 453 F. App'x at 561-62. Accordingly, there is no genuine issue of material fact as to Officer Smith's lack of personal involvement. *See Maben*, 887 F.3d at 258. And summary judgment must be granted on that basis.

The same cannot be said for Evans's claim against Officer Corbitt. Officer Corbitt asserts that because he did not personally hand Evans the tampered soap or force Evans to use it, he cannot be held liable. ECF Doc. 28 at 9-13. This argument is not well taken. First, Officer Corbitt nearly word-for-word repeats his arguments from his motion for judgment on the pleadings, which this Court previously denied. *Compare* ECF Doc. 13 at 6-10 *with* ECF Doc. 28 at 9-13. As we noted then, "none of the cases Defendants cite stand for the proposition that, as Plaintiff alleges here, a prison official can purposefully tamper with an object for the purpose of causing harm to inmates, but escape liability because he did not personally hand the altered object to the inmate." ECF Doc. 21 at 6.

Moreover, this Circuit's precedent has imposed liability based on the creation of unsafe circumstances that result in harm to inmates – even when the defendant did not directly cause the

harm.  *See Troutman*, 979 F.3d at 482-487 (holding that a reasonable jury could find a correctional officer liable for inmate's suicide after placing him in solitary confinement); *Roland*, 856 F.2d at 769-770 (holding that a reasonable jury could find the correctional officers liable for inmate's risk of being raped by other inmates).

Although Evans relies on the same affidavit that conflicted with Officer Smith's work records, no such conflict exists with respect to Officer Corbitt.  Rather, the affidavit identifies that Officer Corbitt was seen with the stapler and soap at the "evening pill call" on April 21, 2019, which is consistent with Officer Corbitt's work records.  *See* ECF Doc. 1-4 at 5; ECF Doc. 28 at 10; ECF Doc. 28-1 at 6.  Because no direct conflict exists between the affidavit and Officer Corbitt's work records, the conflict that does exist with Officer Smith's records – in relation to Evans's allegations against Officer Corbitt – goes toward the affidavit's credibility. And credibility judgments are not properly resolved on summary judgment and must be submitted to a jury.  *Alspaugh v. McConnell*, 643 F.3d 162, 168-69 (6th Cir. 2011) (remanding the district court's grant of summary judgment on an inmate's excessive force claim because it based its decision on an improper credibility determination on inmates' affidavits and prison officers' accounts).

Further, the officers' other allegations about the unsecured nature of the soap drawer or the possible self-infliction of Evans's injuries go directly to issues of whose evidence is more persuasive – and are also not properly resolved at this stage of the proceedings.  *Id.* at 168; *see also Schreiber v. Moe*, 596 F.3d 323, 333-34 (6th Cir. 2010) (holding that when the non-moving party present direct evidence refuting the moving party's motion for summary judgment, even if the non-moving party's account is contradictory, the court must accept the evidence as true because the inconsistencies go to the weight of the testimony not its admissibility); ECF Doc. 47

at 4.  Moreover, Evans also relied on a second affidavit which stated that in late March an inmate overheard Officer Corbitt talking about handing out bars of soap with staples in them to inmates. *See* ECF Doc. 1-4 at 8.  As a result, Evans relies on more than mere speculation, and he has created a genuine issue of material fact concerning Officer Corbitt's role in causing Evans's harm.  *Anderson*, 477 U.S. at 251-52.

      **B.    Conditions of Confinement Analysis**

The officers contend that summary judgment is warranted on Evans's Eighth Amendment claim, specifically as to Officer Corbitt, because Evans has not shown that his allegations meet both prongs of a conditions of confinement claim.  ECF Doc. 28 at 9-13.  They argue that Evans has not shown that he meets and cannot meet the objective prong of the analysis because: (1) Officer Corbitt was not present when Evans went to shower, (2) Evans's injuries were not "sufficiently serious," and (3) Evans was not denied one of the minimal civilized measure of life's necessities.  ECF Doc. 28 at 9-10.  They appear to argue that the staples were an obvious danger, and that Evans had a host of alternatives which would not have required using the tampered soap.  ECF Doc. 28 at 10-11.  Further, they argue that Evans failed to meet the subjective prong because Officer Corbitt had no involvement in Evans's being given or choosing the bar of soap and Evans's allegations were "too vague and too remote to suggest" that Officer Corbitt disregarded a substantial risk of serious harm to Evans.  ECF Doc. 28 at 11-13.

Evans contends that he has stated a claim because, as he interprets the motion, Officer Corbitt does not deny placing the staples in the soap and he is not required to show that the staples were placed in the soap intentionally for him – but rather for the purpose of causing harm generally.  ECF Doc. 45 at 7-8.  He argues that there is no penological justification for adulterating the soap, which shows the disregard required by the subjective prong.  ECF Doc. 45

at 8-10.  Further, Evans responds that his blood for the hepatitis C test was drawn when he first arrived at the facility in early April, but whether he contracted hepatitis C from the staple is irrelevant because the seriousness of the injury is not dispositive if the conduct violated the contemporary standard of decency.  ECF Doc. 45 at 11-12.  He adds that the staples were not easily visible.  ECF Doc. 45 at 12.  The officers largely reiterate their arguments in reply.  *See* ECF Doc. 47.

Through the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment prohibits state officials from inflicting "cruel and unusual punishments" on prison inmates.  U.S. Const. amends. VIII and XIV; *Wilson v. Seiter*, 501 U.S. 294, 296 (1991).  Pursuant to this prohibition, prison official "must take reasonable measures to guarantee the safety of the inmates."  *Rhodes v. Michigan*, 10 F.4th 665, 673 (6th Cir. 2021) (internal quotation marks omitted).

To show that a prison official has failed to meet this obligation, a plaintiff challenging his conditions of confinement under the Eighth Amendment "must show that the prison officials acted with 'deliberate indifference' to a substantial risk of serious harm."  *Id.* (internal quotation marks and alteration omitted).  This showing has both an objective and subjective component; the plaintiff must show that: (1) the deprivation was objectively sufficiently serious, and (2) the official acted with deliberate indifference to the inmate's health or safety.  *See id.* at 673-74.

To be "sufficiently serious" the deprivation must result in the denial of "the minimal civilized measure of life's necessities," and, when based on a failure to prevent harm, the plaintiff must show a that the conditions posed a "substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A "[s]ubstantial risk does not require actual harm," but where a plaintiff's claim arises from an injury or illness, the harm must be "so obvious that even

14

a layperson would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.,* 390 F.3d 890, 899-900 (6th Cir. 2004) (internal quotation marks omitted). This is analysis is further informed by the "contemporary standards of civilized decency that currently prevail in society." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

As to the subjective prong, the plaintiff must show that the officer "knew of and disregarded the significant risk to the inmate's health and safety." *Brawner v. Scott Cty.*, No. 19-5623, 2021 U.S. App. LEXIS 28722, at *10 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 837). This requires that the official "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Richmond v. Huq*, 879 F.3d 178, 187-88 (6th Cir. 2018) (internal quotation marks omitted).

Officer Corbitt is entitled to summary judgment on Evans's Eighth Amendment claim because Evans has not shown that bar of soap caused a "serious harm" or posed a "substantial risk of serious harm." *Anderson*, 477 U.S. at 251-52. As to the scope of Evans's injuries for the objective prong, Evans's claim is limited to the physical lacerations he sustained from the staples; as a result, he fails to reach the necessary severity to satisfy the objective prong. The officers contend that Evans could not have contracted hepatitis C from the staples because his blood was drawn just two days after the incident and the test would not have been able to detect the virus that early had Evans in fact contracted the virus from the staples. ECF Doc. 28 at 16; ECF Doc. 28-3 at 1-2. In his opposition, Evans contends that the blood for his hepatitis C test was actually drawn *before* the shower incident. ECF Doc. 45 at 11. As a result, both parties implicitly agree that Evans did not contract hepatitis C from the staples, and it would be unreasonable for the court to infer otherwise. *See Anderson*, 477 U.S. at 251-52. Evans also does not contend that the staples posed a *per se* risk of causing him to contract other blood-borne

diseases or illnesses.  *See* ECF Doc. 1 at 10-12.  Accordingly, the objective prong becomes an issue of how serious society views the lacerations alone.  *Hadix*, 367 F.3d at 525.

Assuming that Evans was "bleeding profusely" when he initially came from the shower, Evans's evidence, along with the evidence submitted by the officers does not demonstrate that Evans's injuries were sufficiently severe that society would not tolerate them.  ECF Doc. 1 at 10. With his complaint, Evans's submitted affidavits identifying that he had "huge scratches" and "lots of scratches" across his torso after the shower.  ECF Doc. 1-4 at 6-7.  Additionally, the officers submitted photographs of his injuries, which Evans does not challenge, that appear to show only superficial or mild scratches.  ECF Doc. 28-1 at 10-12; *see generally* ECF Doc. 45. Although Evans states that the staples "sliced" his body and caused him to bleed, the combination of the photos and the affidavits' characterization of the injuries as "scratches," does not create a reasonable inference that Evans was *seriously* injured from having used the soap. *Anderson*, 477 U.S. at 255; ECF Doc. 1 at 10.   "[I]njuries such as bruises, cuts and abrasions which are treatable at home and with over-the-counter bandages or medications are not sufficiently serious to invoke the protection of the constitution."  *Meyers v. City of Chardon*, No. 1:14-CV-2340, 2015 U.S. Dist. LEXIS 48292, at *25-26 (N.D. Ohio Apr. 13, 2015); *see also Wright v. Taylor*, 79 F. App'x 829, 831 (6th Cir. 2003) (affirming the district court's dismissal of the inmate's complaint for failure to state a claim based on the finding that a decaying tooth was too minor an injury to constitute an Eighth Amendment violation); *Lawless v. Muskingum Cty.*, 36 F. App'x 192, 192-93 (6th Cir. 2002) (affirming the district court's summary judgment grant to the prison officials, in part, because a knee injury, for which it was merely "preferable" that the plaintiff receive treatment, was insufficiently severe to constitute an Eighth Amendment violation); *Jennings v. Al-Dabagh*, 275 F. Supp.2d 863, 870 (E.D. Mich.

2003) (granting summary judgment to the prison official in part because a foot infection from which the plaintiff suffered only "minor discomfort" was insufficiently severe to constitute an Eighth Amendment violation).

Moreover, the evidence is devoid of any records that Evans required stiches or extensive bandaging, and he has not produced any evidence that he faces any risk of additional serious harm beyond the direct lacerations he suffered. *Farmer*, 511 U.S. at 834; *Blackmore,* 390 F.3d at 899. Because Evans's has not established an injury or alleged a sufficiently serious risk of a future injury or illness to satisfy the objective prong, further analysis of the subjective prong is unnecessary. *See Blosser v. Gilbert*, 422 F. App'x 453, 460 (6th Cir. 2011) (analyzing only the objective prong upon determining that the plaintiff had not established a serious medical need under the deliberate indifference standard).

It should be noted, however, that Officer Corbitt's alleged conduct is deeply concerning. Had Evans's suffered greater injury – which was entirely feasible had he washed his face with the adulterated soap, scrubbed a bit more aggressively, actually contracted or faced the risk of contracting a blood-borne disease – the outcome of this case could have been entirely different. The allegations of Officer Corbitt's deliberate conduct in punching staples into the soap bars – absent any legitimate penological justification raise a significant question as to his state of mind. *See Rafferty v. Trumbull Cty.*, 915 F.3d 1087, 1093-94 (6th Cir. 2019) (holding that the Eighth Amendment prohibits cruel and unusual punishment, including unnecessary and wanton inflictions of pain, which are those "totally without penological justification" (internal quotation marks omitted)). Any individual who so abuses their position of authority by creating adulterated soap – for the sole purpose of causing harm – has no place working in any position

with direct inmate contact within the ODRC. I find the alleged conduct reprehensible, even if not sufficiently serious to trigger liability.

Regardless, Officer Corbitt, because his alleged sociopathic sadism was apparently limited, is entitled to summary judgment on Evans's Eighth Amendment claim because Evans has not shown that his injuries were sufficiently serious. *Farmer*, 511 U.S. at 834; *Meyers*, 2015 U.S. Dist. LEXIS 48292, at *25-26. Accordingly, summary judgment should be granted in favor of Officer Corbitt on Evans's Eighth Amendment claim.

### C.      Qualified Immunity

Assuming the court agrees with my recommendation, it is unnecessary to reach the remainder of the officers' arguments regarding whether they are entitled to qualified immunity or whether Evans was entitled to damages under the PLRA. *See Mays v. City of Dayton*, 134 F.3d 809, 813 (6th Cir. 1998) ("If the court finds no valid claim pursuant to 42 U.S.C. § 1983, the court need not reach the issue of qualified immunity."). However, given that it is a close question as to Officer Corbitt's liability, I will address his qualified immunity argument as well.

Officer Corbitt argues that he is entitled to qualified immunity because (i) Evans has no constitutional right to a daily shower or to be provided a bar of soap, and (ii) Evans was not deprived of a fundamental right by using the "readily apparent tampered soap." ECF Doc. 28 at 17-19. Evans responds that he has clearly demonstrated that the officers were deliberately indifferent and, thus, they are not entitled to qualified immunity. ECF Doc. 45 at 12-14. Officer Corbitt does not address qualified immunity in his reply brief. *See generally* ECF Doc. 47.

Under the doctrine of qualified immunity, public officials are immune from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)

(quotation marks omitted).  The plaintiff bears the burden of showing that: (1) the state official's conduct constituted a violation of a constitutional right; and (2) that the right was "clearly established" at the time of the defendant's alleged misconduct.  *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011) (internal quotation marks omitted).  If the plaintiff fails to meet either prong of his burden, the defendant officer is entitled to qualified immunity.  *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013).

For a right to be clearly established, we look to whether a reasonable official could determine that his actions were unlawful.  *Perez*, 466 F.3d at 427.  Stated differently, "the right's contours [need to be] sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it."  *Cordell v. McKinney*, 759 F.3d 573, 587 (6th Cir. 2014).  The very action itself need not to have been previously held unlawful; rather, in light of preexisting law, the unlawfulness must be apparent.  *Id.* at 587-88.

Should the Court find that an Eighth Amendment violation has occurred, I recommend that Officer Corbitt not be granted qualified immunity, because Evans has successfully demonstrated that his right was clearly established.  *See Perez*, 466 F.3d at 423-427 (holding that because the inmate had raised a genuine issue of material fact as to whether his Eighth Amendment rights were violated there was also a genuine issue of material fact as to the first prong of the qualified immunity analysis).

Due to the novel facts of this case, the exact right Evans's seeks to have vindicated is difficult to articulate.  But while the right must be specific, it need not account for every novel factual circumstance.  *See Hope v. Pelzer*, 536 U.S. 730, 741 (2002); *Cordell*, 759 F.3d at 587-88.  Based on his contention that the officers intentionally adulterated the soap – an act that has no identifiable purpose other than to cause harm, I find that Evans has asserted a right to

be free from a prison official intentionally seeking to cause him harm without a penological motivation or justification. Here, the contours of Evans's rights were sufficiently clear that Officer Corbitt – or any reasonable officer – would have known that he was violating the inmate's rights. The intentional creation of a circumstance that is likely to cause physical harm to the inmate based on Supreme Court, Sixth Circuit, and other Courts' precedent at the time of Corbitt's conduct show that imbedding harmful substances in soap, knowing it was likely the inmate would use the item in the shower could rise to an Eighth Amendment violation.

It is well settled that the Eighth Amendment protects inmates from punishments that are "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Courts have concluded physical assaults at the hands of prison officials can fall within the scope of such punishments that go too far. *See Flowers v. Sundquist*, No. 97-6026, 1998 U.S. App. LEXIS 28420, at *8 (6th Cir. 1998) ("Suffering physical assaults while in prison is not 'part of the penalty that criminal offenders pay for their offenses against society.'" (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981))); *Women Prisoners of the D.C. Dep't of Corr. v. District of Columbia*, 877 F. Supp. 634, 665 (1994) (finding that inmates' rape and unsolicited touching by prison officials was beyond the penalty paid by inmates for their offenses).

Moreover, courts have recognized prisoners' rights to live in minimally sanitary conditions – including their showing facilities. *See Rhodes*, 452 U.S. at 347 (recognizing that minimal sanitation is required by the Eighth Amendment); *Hutto v. Finney*, 437 U.S. 678 (1978) (holding that regularly holding prisoners in extremely overcrowded conditions where they were exposed to infectious diseases such as hepatitis, together with other conditions, presented a sufficiently serious risk to prisoner health to implicate the Eighth Amendment); *Taylor v.*

*Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (holding that placing an inmate in a cell covered with fecal matter for simply questioning why he must submit a DNA sample violated the Eighth Amendment); *Lee v. Birkett*, No. 09-CV-10723, 2010 U.S. Dist. LEXIS 27381, at *14-15 (E.D. Mich. Feb. 18, 2010) (reasoning that allegations that prisoners were forced to use common razors and be exposed to other unsanitary conditions for two months could meet the objective component of the deliberate-indifference standard); *Coker v. Dallas County Jail*, No. 3:05-CV-0005-M, 2007 U.S. Dist. LEXIS 99939, *64 (N.D. Tex. 2007) *rejected in part on other grounds in* 2007 U.S. Dist. LEXIS 77095 (forcing prisoner to shower in area covered with blood and excrement falls within scope of conditions that violate Eighth Amendment).

Taken together, these lines of precedent provide ample notice that the intentional creation of unsanitary and harmful conditions to inmates when showering could violate the inmate's Eighth Amendment rights. Accordingly, should a constitutional violation be found, Officer Corbitt should be found not entitled to qualified immunity, because Evans has demonstrated that he had a clearly established right to be free from the wanton infliction of pain and unsanitary conditions while showering.

## VI.     Conclusion and Recommendations

In summary, Officers Corbitt's and Smith's motion to supplement their reply brief (ECF Doc. 48) is GRANTED and the *unsigned* declarations attached to their reply brief are STRICKEN. Further, I recommend that Officers Corbitt's and Smith's motion for summary judgment (ECF Doc. 28) be GRANTED because: (1) Evans has not shown the officers' personal involvement in his alleged denial of medical treatment; (2) Evans failed to allege sufficient facts to establish that Officer Smith was personally involved in causing his alleged constitutional violation, and (3) there is no genuine issue of material fact that Evans's injuries did not rise to

the level of severity necessary to satisfy the deliberate indifference standard; and, thus, Officer Corbitt cannot be held liable for violating the Eighth Amendment.

Dated: January 12, 2022

Thomas M. Parker
United States Magistrate Judge

———————————————————

## Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).