UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ADAM EVANS, | Case No. 1:19-cv-2870 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Thomas M. Parker |
| ANETTE CHAMBERS-SMITH, *et al.* | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Adam Evans, a former inmate of an Ohio prison proceeding *pro se*, brought various claims alleging violation of his Eighth Amendment rights when a prison guard put stapes into a bar of soap that he used. Defendants Nathan Smith and Ricky Corbitt, the two remaining Defendants following prior rulings, move for summary judgment. The Magistrate Judge issued a report and recommendation that the Court grant the motion. (ECF No. 51.) Plaintiff timely objected. (ECF No. 32.) For the reasons that follow, the Court **GRANTS** Defendants' motion to supplement their reply brief (ECF No. 32), **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's objections (ECF No. 52), **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment (ECF No. 51, PageID #842), and **DISMISSES** the claims against Defendant Smith only. (ECF No. 51, PageID #842).

1

**STATEMENT OF FACTS**

Construing the evidence in favor of Plaintiff as the non-moving party, the record establishes the following facts at this stage of the proceedings. Unless otherwise noted, the Court takes this statement of facts from the Magistrate Judge's report and recommendation. (ECF No. 51, PageID #845.)

Mr. Evans is a former inmate housed at the Lorain Correctional Institution. He first arrived there on April 5, 2019 and shortly after that took a hepatitis C blood test. A few weeks later, on April 22, 2019, Mr. Evans was showering and used a bar of soap that, unbeknownst to him, had six staples punched into it, which caused lacerations across his arms and abdomen. (ECF No. 28-1, PageID #471–73.) Mr. Evans reported the incident to a guard, who searched the soap drawer and found two other bars of soap with staples punched into them. (*Id.*, PageID #463 & #468.) For his injuries, Mr. Evans did not require significant medical treatment. The nurse attending to his injury reported that Mr. Evans had several scratches and no open wounds on his body. (ECF No. 28-3, PageID #486.) The nurse cleaned Mr. Evans's wounds with soap and warm water, dried them thoroughly, and applied topical antibiotic ointment. (*Id.*, PageID #484.) On April 22, 2021, Mr. Evans underwent a medical examination, which reported that he tested positive for hepatitis C blood. But the record does not indicate when Mr. Evans took the blood test that led to this positive result and the parties dispute the date of the blood draw resulting in the positive test.

Later, an inmate attested that, on April 21, 2019, he saw Officer Corbitt tell Officer Smith that "some inmate was going to get a big surprise," while Officer Corbitt put staples into a bar of soap. (ECF No. 51, PageID #849.) A second inmate attested that, in the last week of March, he witnessed Officer Corbitt arguing with an inmate who accused Officer Corbitt of putting staples in the bars of soap and handing them to inmates. (*Id.*)

## STATEMENT OF THE CASE

On December 11, 2019, Plaintiff sued Defendants Corbitt and Smith, among others, alleging various constitutional violations. (ECF No. 51, PageID #842.) The Court dismissed the claims against all Defendants, except for the Eighth Amendment claims against Officers Corbitt and Smith. (ECF No. 51, PageID #842.) Then, Defendants moved for summary judgment on the grounds that Plaintiff: (1) failed to exhaust his administrative remedies; (2) failed to allege sufficient facts for an Eighth Amendment claim; and (3) could not bring a claim for monetary damages under the Prison Litigation Reform Act, 42 U.S.C. § 1997e. They also asserted qualified immunity as a defense. (*Id.*, PageID #842.) Initially, the Court limited its review to whether Plaintiff exhausted his administrative remedies. After determining that Plaintiff exhausted his administrative remedies (ECF No. 39), the Court referred the balance of the motion for summary judgment to the Magistrate Judge. (ECF No. 51, PageID #843.)

The Magistrate Judge issued a report and recommendation addressing Defendants' motion to supplement their reply and their motion for summary

3

judgment, recommending that the Court grant both motions. (ECF No. 51, PageID #841 & #844.) With respect to summary judgment, the Magistrate Judge analyzed Plaintiff's Eighth Amendment claims under the tests for deliberate indifference to medical needs and conditions of confinement. The Magistrate Judge determined that (1) Defendants are not liable for any constitutional violation in connection with Mr. Evans' medical care because the record does not support either Defendant's involvement in providing such care; (2) Defendant Smith had no personal involvement in adulterating the soap and creating a dangerous condition of confinement; and (3) Defendant Corbitt is entitled to summary judgment because there is no genuine issue of material fact that Mr. Evans' injuries rose to a level of severity satisfying the standard for deliberate indifference—that is, the insertion of staples into the bar of soap did not create "serious harm" or pose a "substantial risk of serious harm." (ECF No. 51, PageID #861–62.)

Plaintiff timely objects to the Magistrate Judge's conclusion that Defendant Corbitt is entitled to summary judgment on his conditions-of-confinement claim. (ECF No. 52, PageID #864; ECF No. 52-1, PageID #868.) Specifically, he objects that the Magistrate Judge incorrectly concluded that there was no genuine issue of material fact that Defendant Corbitt was not deliberately indifferent to the dangerous condition the bar of soap created. (ECF No. 52-1, PageID #875.) He argues that (1) he presented sufficient evidence from which a jury could find that Defendant Corbitt's conduct meets or exceeds the objective standard for deliberate-indifference, and (2) the seriousness of the injuries is not dispositive because otherwise "the Eighth

4

Amendment would permit any physical punishment no matter how diabolic or inhuman, inflicting less than some arbitrary quantity or injury." (ECF No. 52–1, PageID #872–73.) Plaintiff does not object to the portion of the report and recommendation regarding the serious-medical-need claim or Defendant Smith's liability.

## ANALYSIS

When a magistrate judge issues a report and recommendation, a party may object within 14 days of receiving a copy of the recommended disposition. *See* Fed. R. Civ. P. 72(b)(2). Following an objection to a report and recommendation, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3)). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Notably, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it.

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," and the Court determines that the movant is entitled to judgment as a matter

5

of law. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992); *see also* Fed. Civ. P. 56 (c)(1)(A). The non-moving party may not simply rely on his pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986) (quotation omitted); *see also Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996) (recognizing that the district court does not have the responsibility, on its own, to search the record for genuine issues of fact). Further, the Court must determine whether the evidence on which the nonmoving party relies "presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

In evaluating the evidence presented on a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255. The "mere possibility" of a factual dispute is not enough. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). The Court need not accept unsupported or conclusory statements as true. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) (quoting conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment).

**I.  Forfeited Objections**

Under the law of this Circuit, "failure to object to a magistrate judge's report and recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v.*

6

*Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate judge's report and recommendation to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same"). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal. *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the report and recommendation has passed. Plaintiff neither objected to the Magistrate Judge's conclusion regarding his serious-medical-need claim and the conditions-of-confinement claim against Defendant Smith, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the analysis of those recommendations. Therefore, the Court **ADOPTS** the report and recommendation's conclusion as it relates to the serious-

7

medical-need claim and Defendant Smith, leaving only the conditions-of-confinement claim against Defendant Corbitt for the Court's review.

## II. Condition-of-Confinement Claim

Regarding his conditions-of-confinement claim, Plaintiff objects to the Magistrate Judge's conclusion that Defendant Corbitt is entitled to judgment as a matter of law. ([ECF No. 52-1](), PageID #868.) Plaintiff rehashes his argument that Defendant used unconstitutional excessive force by adulterating the bar of soap. But this is not an excessive force case: nothing in the factual record indicates that Defendant Corbitt used physical force. Here, the alleged facts imply instead that this Defendant created a harmful condition by embedding staples in bars of soap. The Sixth Circuit analyzes analogous cases under the test for conditions of confinement. *See Rhodes v. Michigan*, 10 F.4th 665, 674–75 (6th Cir. 2021) (analyzing a prison official's conduct in releasing a heavy laundry cart without confirming the inmate had control of the cart using the standard for conditions of confinement); *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482–87 (6th Cir. 2020) (using conditions-of-confinement analysis to determine whether a prison official could be held liable for an inmate's suicide after the officer placed him in solitary confinement); *Roland v. Johnson*, 856 F.2d 764, 769–70 (6th Cir. 1988) (determining whether prison officials failed to adequately protect an inmate who they knew could be a target for rape under the standard for conditions of confinement). Therefore, the Court

overrules Plaintiff's argument to the extent that he objects to the report and recommendation under the Eighth Amendment excessive-force framework.

However, the Court construes parts of Plaintiff's argument as a *pro se* litigant as an objection to the Magistrate Judge's analysis of the conditions of confinement. A *pro se* litigant is held to less stringent standards in pleadings and papers than lawyers, and a *pro se* party's papers receive liberal construction. *See West v. Adecco Emp. Agency*, 124 F. App'x 991, 993 (6th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Here, Plaintiff's objections sufficiently make clear that Mr. Evans challenges the Magistrate Judge's conditions-of-confinement analysis. Specifically, Plaintiff discusses the conditions-of-confinement test and supports his objection with condition-of-confinement case law throughout. (ECF No. 52-1, PageID #870–71 & #873–74.) Accordingly, the Court finds that Mr. Evans properly objected to the Magistrate Judge's condition-of-confinement analysis.

Through the Fourteenth Amendment's Due Process Clause, the Eighth Amendment prohibits State officials from inflicting "cruel and unusual punishments" on prison inmates. U.S. Const. amends. VIII & XIV; *Wilson v. Seiter*, 501 U.S. 294, 296 (1991). Pursuant to this prohibition, prison officials "must take reasonable measures to guarantee the safety of the inmates." *Rhodes*, 10 F.4th at 673 (internal quotation marks omitted).

To show that a prison official has failed to meet this obligation, a plaintiff challenging his conditions of confinement under the Eighth Amendment "must show that the prison officials acted with 'deliberate indifference' to a substantial risk of

serious harm." *Id.* (cleaned up). This showing has both an objective and subjective component; the plaintiff must show that: (1) the deprivation was sufficiently serious on an objective basis, and (2) the official acted with deliberate indifference to the inmate's health or safety. *See id.* at 673–74.

### II.A. Objective Prong

To be "sufficiently serious" under the objective prong, the deprivation must result in the denial of "the minimal civilized measure of life's necessities," and, when based on a failure to prevent harm, the plaintiff must show that the conditions posed a "substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "[s]ubstantial risk does not require actual harm." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899–900 (6th Cir. 2004) (internal quotation marks omitted). Whether a deprivation is unconstitutional is further informed by the "contemporary standards of civilized decency that currently prevail in society." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

The Magistrate Judge concluded that Plaintiff's lacerations were not sufficiently serious to satisfy the objective prong because injuries such as bruises, cuts, and abrasions are not "sufficiently serious to invoke the protection of the constitution." (ECF No. 51, PageID #856 (quotation omitted).) But the conditions-of-confinement analysis does not inquire whether the plaintiff sustained an injury or the degree of an injury's severity. Instead, it asks whether the condition poses a

substantial risk of serious harm and whether it is a risk "that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Here, construing the record in favor of Plaintiff, as the Court must in the current procedural posture, a jury could find that bars of soap adulterated to contain staples pose a substantial risk of serious harm. Had Plaintiff washed his face or genitals, or scrubbed more firmly, he could have sustained serious and permanent injuries. (ECF No. 51, PageID #857.) Additionally, the jury could find that such conduct contravenes all standard of decency and creates risks that society cannot tolerate. Therefore, Plaintiff satisfies the objective prong.

**II.B. Subjective Prong**

Under the subjective prong, a prison official must know of and disregard an excessive risk to inmate health or safety. In other words, he must be aware of facts giving rise to an inference of a substantial risk of serious harm and draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). "The Court may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). Acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk. *Farmer*, 511 U.S. at 836. "Liability cannot be predicated on negligence alone; the inmate must demonstrate that prison officials acted with wantonness or deliberate indifference to his constitutionally protected needs." *Barajas v. Michigan Dep't of Corr.,* No. 93-1512, 1994 U.S. App.

11

LEXIS 5095, at * (6th Cir. Mar. 17, 1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)).

As the Magistrate Judge points out, there is a genuine dispute of material fact that Defendant Corbitt was deliberately indifferent. The record reflects that there are two affidavits attesting that Officer Corbitt embedded staples into a bar of soap and that an officer later found two adulterated bars of soap. (ECF No. 51, PageID #845, 851.) Defendant Corbitt neither refutes the factual record nor objects to the Magistrate Judge's conclusion on this issue. Accordingly, the Court holds that Plaintiff has provided sufficient evidence of a genuine issue for trial.

### III. Qualified Immunity

The Magistrate Judge recommends that the Court hold that Defendant Corbitt is not entitled to qualified immunity. He reasons that, by adulterating the bar of soap, Officer Corbitt violated Plaintiff's clearly established right by intentionally creating a substantial risk of harm that serves no penological purpose. (ECF No. 51, PageID #859–61.) Because no party objects to this recommendation, and the Court finds no clear error in the Magistrate Judge's analysis, the Court **ADOPTS** this recommendation.

### CONCLUSION

For the foregoing reasons, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's objections (ECF No. 52), **GRANTS** Defendants' motion to supplement (ECF No. 32), and **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment. (ECF No. 51, PageID #842.)

12

Accordingly, the Court grants summary judgment in favor of Defendant Smith. The only remaining claim for trial is Plaintiff's conditions-of-confinement claim against Defendant Corbitt.

**SO ORDERED.**

Dated: August 12, 2022

                                  J. Philip Calabrese
                                  United States District Judge
                                  Northern District of Ohio