# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ADAM EVANS,** | Case No. 1:19-cv-2870 |
| Plaintiff, | Judge J. Philip Calabrese |
| -vs- | Magistrate Judge Thomas M. Parker |
| **ANETTE CHAMBERS-SMITH, ET AL.,** | |
| Defendants. | **JOINT EVIDENTIARY STIPULATIONS FOR TRIAL** |

Pursuant to the Court's Pretrial and Trial Order (ECF No. 61), the parties report that they have met and conferred in good faith regarding their anticipated motions *in limine* and have reached the following stipulations to limit their evidentiary and legal disputes prior to trial. The parties therefore respectfully submit the following joint stipulations. Each party will subsequently file its omnibus motion *in limine* subject to these stipulations.

- Authenticity. The parties stipulate to the authenticity of all documents that have been produced in discovery.

- Qualified immunity. The parties agree that whether the affirmative defense of qualified immunity applies is a pure legal question that should not be presented to the jury. However, the parties disagree whether qualified immunity is a matter for trial at all.

  - Plaintiff's position regarding qualified immunity: The Court already determined there is no qualified immunity and therefore this issue is no longer in play for trial. If the jury finds that Defendant violated the constitution, there is no qualified immunity defense available because the Court found this would violate clearly established law. If the jury finds that Defendant did not violate the constitution, Plaintiff loses on the merits and there is no need to reach an affirmative defense.

  - Defendant's position regarding qualified immunity: The Court should re-examine whether qualified immunity attaches. The Court's ruling did not consider, and could not consider, the question whether, based on the evidence that will be presented at trial, a reasonable officer would understand that the stapled soap in this case created a substantial risk of serious harm. Since what a reasonable officer would believe

for purposes of the objective component of deliberate indifference is evidence - dependent, the legal question of qualified immunity remains in play.

- <u>Exhaustion.</u> The parties agree that the issue of whether Plaintiff's claim is barred by the PLRA's exhaustion requirement is a threshold issue which the Court should bifurcate and allow the parties to try to the bench before a jury hears the merits. The parties respectfully request that the Court so order. The parties further reached the following stipulations regarding trial of the exhaustion issue:
    - Plaintiff's exhaustion arguments are confined to the fact issue left open by the Court's summary judgment decision.
    - There is no dispute over the grievance policy that was in place during the at issue time period.
    - There is no dispute over the ODRC records as to what grievances were or were not filed and when.
    - The question before the bench is whether Plaintiff was impeded from exhausting the grievance requirements within the meaning of the law.
    - The parties agree that there is no need for witness testimony regarding what ODRC's grievance policy required during the relevant time period or whether Plaintiff was aware of what that policy required since these issues are not in dispute.

- <u>Medical evidence.</u> No party will introduce expert testimony in their case in chief beyond the medical personnel identified in the parties' witness lists.

- <u>Prior acts evidence.</u> The parties could not reach a stipulation to exclude prior criminal history of any party or witness, and there will be motions *in limine* on this subject. However, Defendant will not oppose the introduction of the disciplinary history of Defense witnesses.

The parties certify that they will file their motions *in limine* subject to these stipulations, and that those motions will concern issues that they could not resolve through stipulations.

Respectfully submitted,

*/s/ Elizabeth Bonham*
Elizabeth Bonham (0093733)
FRIEDMAN, GILBERT + GERHARDSTEIN
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
Telephone: (216) 241-1430
Facsimile: (216) 621-0427
E-Mail: elizabeth@FGGfirm.com
*Trial counsel for Plaintiff*

*/s/ Mindy Worly*
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
T: (614) 728-0161/F: (866) 474-4985
Mindy.Worly@OhioAGO.gov
*Trial Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on April 27, 2023 I filed a copy of the foregoing joint filing using the Court's CM/ECF system. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Elizabeth Bonham*
Elizabeth Bonham (0093733)
Attorney for Plaintiff