# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ADAM EVANS, | Case No. 1:19-cv-2870 |
| Plaintiff, | Judge J. Philip Calabrese |
| -vs- | Magistrate Judge Thomas M. Parker |
| ANETTE CHAMBERS-SMITH, ET AL., | |
| Defendants. | **PLAINTIFF'S COMBINED MOTIONS IN LIMINE** |

Pursuant to the Court's Pretrial and Trial Order (ECF No. 61), Plaintiff respectfully submits the following combined motions *in limine.* Plaintiff's counsel certifies that the parties met and conferred in a good faith effort to arrive at stipulations in lieu of filing pretrial motions. Therefore the following motions *in limine* are subject to the parties' previously filed stipulations (ECF No. 64) and do not address issues that those stipulations resolved. Plaintiff moves the Court to exclude at trial all evidence, testimony, argument, or innuendo in the following categories:

I. Prior criminal history of Plaintiff and all Plaintiff's witnesses;
II. Conclusions made through internal investigations of the at-issue claims; and
III. Improper lay opinion testimony.

The grounds for Plaintiff's motions are set forth more fully in the attached memorandum.

Respectfully submitted,

*/s/ Elizabeth Bonham*
Elizabeth Bonham (0093733)
FRIEDMAN, GILBERT + GERHARDSTEIN
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
Telephone:   (216) 241-1430
Facsimile:   (216) 621-0427
E-Mail:   elizabeth@FGGfirm.com
*Trial counsel for Plaintiff*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE**

**I. The Court should exclude evidence of past crimes or prior bad acts of Plaintiff and Plaintiff's witnesses, including whether they are presently incarcerated.**

No prior criminal conviction of Plaintiff or any witness in this case is relevant to the issues before the jury and the admission of such evidence would prejudice Plaintiff. First, under Federal Rule of Evidence 404(b), propensity evidence is inadmissible and prior bad acts may only be introduced to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Second, under Federal Rule of Evidence 609, prior convictions cannot be used to prove any trait other than truth-telling, and even then, the Court should only admit prior convictions for crimes of dishonesty or recent felonies that are more probative than prejudicial. *Id.* The same principles apply with respect to a witness's present status as either incarcerated or free. Here, there is no 404(b) exception that should permit the admission of any such evidence with respect to any witness, and such evidence lacks probative value (*see* Fed. R. Evid. 402) and is prejudicial and inflammatory (Fed. R. Evid. 403). Moreover, parading prior convictions before the jury serves no purpose concerning any witness's credibility with respect to the issue at bar: whether Defendant was deliberately indifferent to the unconstitutional conditions of confinement he created by causing Plaintiff to shower with a bar full of stapled soap. For these reasons, the Court should exclude all evidence of criminal convictions and incarcerated status.

First, the Court should exclude evidence of prior convictions because this evidence is not admissible under any exception in the evidence rules and is irrelevant and highly prejudicial. This case arises out of harm Plaintiff suffered while he was incarcerated in state prison. The jury will have to understand that Plaintiff himself, and almost all of his relevant fact witnesses, are either formerly or presently incarcerated and have some criminal history. However, no particular crime in Plaintiff's past, or the past of any of Plaintiff's witnesses, goes to any 404(b) purpose with

respect to Plaintiff's claims. Moreover, the details of the crimes these people allegedly committed, as well as whether any of them is presently incarcerated, is not relevant to any fact before the jury. On the other hand, listing the details of these irrelevant crimes or allegations will prejudice the jury against Plaintiff and his witnesses even more than the prejudice Plaintiff will already endure as a prisoner civil rights litigant. In other words, any marginal probative value of the details of Plaintiff's or any witness's prior conviction(s) "is substantially outweighed by the unfair prejudice of … suggesting to the jury that [the witness] is an evil man who does not deserve consideration." *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (citation omitted).

In the alternative, if the Court finds that any prior conviction is admissible, then the Court should constrain evidence of prior convictions to be no more detailed than is necessary to impeach credibility. Under Rule 609, convictions specifically involving dishonesty or false statements are admissible for impeachment purposes when they are particularly probative of credibility. Whether a crime involved dishonesty or false statement is a factual determination for the Court. In defining the phrase "dishonesty and false statement," the Conference Report on the Federal Rules stated, "[T]he Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Conference Report on the Federal Rules at Fed. E. Evid. 609(a). *See e.g. Baskin v. Pepsi MidAmerica Co.*, No. 5:13–CV–00030, 2015 WL 363906, *1 (W.D. Ky. Jan. 27, 2015) (excluding burglary conviction because it does not involve element of dishonesty or false statement); *U.S. v. McIntosh*, No. 4:CR 03 0298, 2006 WL 293224, *13 (M.D. Pa. Feb. 7, 2006) (excluding drug offenses). Here, no prior conviction of any witness is for a crime involving dishonesty, but should the Court decide differently, the Court should confine the

3

admission of any evidence to only that necessary to meet Rule 609(a)'s credibility goal.

For these reasons, the Court should exclude evidence of the criminal history or present incarcerated status of Mr. Evans or any Plaintiff's witness called at trial. Should the Court admit any such evidence, it should be for the most limited purpose available under the Rules.

## II. The Court should exclude evidence of conclusions drawn from any ODRC investigation into the conditions claim at issue in this case.

The Court should exclude evidence regarding any conclusions drawn during any internal agency investigation into the conduct at issue before the jury. Presentation of evidence about an agency's failure to find policy violations or other conclusions made during an internal investigation process serves no purpose other than to confuse, mislead, and prejudice the jury. This is because the standards and analysis at play in an internal agency investigation are not the same standards or burdens applicable in civil litigation. *See*, *e.g., Andring v. Allstate Prop. & Cas. Ins. Co.*, No. 14-11086, 2015 WL 736353, at *1 (E.D. Mich. Feb. 20, 2015) ("Whether or not a person is deemed a suspect in a criminal investigation reflects the degree of proof necessary for a criminal conviction, not for civil liability…. A jury is unaccustomed to evaluating the differing burdens of proof in criminal and civil cases and is also inexperienced in evaluating reasons why a decision may be made not to prosecute."); *see also Kelly's Auto Parts, No. 1, Inc. v. Boughton,* 809 F.2d 1247, 1252-1253 (6th Cir. 1987) (similar) (quotations omitted).

Here, Defendant may attempt to introduce evidence that ODRC personnel made formal and informal efforts to investigate the conduct at issue before the jury as part of internal investigation or review processes. Permitting evidence or testimony related to any conclusions drawn during such investigations or reviews would be misleading and prejudicial. Such conclusions or findings are not pertinent to the jury's independent consideration of Defendant's conduct during the events at issue in this case. To the contrary, these would confuse the jury and

risk invading its province, because the standards at play are different than those the jury will be charged to consider. *Accord Torres v. County of Oakland, et al.,* 758 F.2d 147, 151 (6th Cir.1985) (evidence rules do not permit testimony that opines on the ultimate legal conclusion which the jury must reach in the case). For these reasons, the Court should preclude any evidence, testimony, argument, or innuendo concerning any conclusions drawn or findings or conjecture made during internal reviews or investigations of the events at issue in this case.

**III.     The Court should exclude improper opinion testimony by lay witnesses.**

The Court should exclude non-expert opinion testimony because it is inadmissible under Federal Rules of Evidence 701 and 702 and under the Federal Rules of Civil Procedure. This includes testimony by Defendant or any non-expert, non-treating physician ODRC witness that purports to offer technical, specialized, or scientific information. Failure to identify opinion witnesses under Federal Rule of Civil Procedure 26(a)(2) should result in those witness's exclusion from testifying as opinion witnesses at trial. *See also* Fed. R. Civ. P. 37. In fact, Federal Rule of Evidence 701 was amended to emphasize that lay opinion testimony is limited to those observations of a lay witness that are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Conn*, 297 F.3d 548, 553 (7th Cir. 2002). The amendment was designed to prevent parties from "proffering an expert in lay witness clothing." *Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan Intern., Inc.*, 533 F.3d 555, 561 (7th Cir. 2008), quoting Fed. R. Evid. 701 (advisory committee notes). Thus, while witnesses may be called to provide fact testimony about which they have personal knowledge, specialized opinions offered by a lay witness would circumvent the rules of expert witness disclosure and violate the evidentiary rules. For these reasons, the Court should exclude any opinions offered by Defendant or any ODRC

witness including lay opinions which purport to provide specialized or technical expertise.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court GRANT his combined motions in limine. Should the Court deny or reserve ruling on any of Plaintiff's motions, Plaintiff respectfully reserves the opportunity to renew them before or during trial.

## CERTIFICATE OF SERVICE

I certify that on April 27, 2023 I filed a copy of the foregoing using the Court's CM/ECF system. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Elizabeth Bonham*
Elizabeth Bonham (0093733)
Attorney for Plaintiff